Ethel Clayton Ross, Plaintiff, *v.* Ian Keith, Also Known as Ian Keith Ross, and Also Known as Keith Macaulay Ross, Defendant.

First Department, June 20, 1933.

*Ilo Orleans* of counsel [*Falk & Orleans*, attorneys], for the plaintiff.

*Nathan B. Gurock* of counsel [*Paul A. Zizelman*, attorney], for the defendant.

Glennon, J. Plaintiff and defendant were husband and wife. While they were residents of the State of California, plaintiff wife commenced an action for absolute divorce in the Superior Court of California, county of Los Angeles. The defendant appeared in the action and interposed an answer. On July 19, 1932, an interlocutory decree of divorce was entered in favor of plaintiff. In the sixth paragraph of the decree it was provided that defendant pay to plaintiff " as and for her alimony, support and maintenance, the total sum of Five thousand five hundred Dollars ($5,500)," in the manner and at the time specified. The decree further provided that defendant pay to the plaintiff " as and for the use of her attorneys * * * the total sum of $1,150.00 in full settlement, accord and satisfaction of counsel fees, attorneys' fees in this proceeding * * *. That the said sum of $1,150.00 shall be payable in two equal payments of $575.00 each, the first of said payments to be paid by said defendant * * * to the plaintiff * * * on the first day of November, A. D., 1932, and the second and last

of said payments as and for agreed fees amounting to the balance of $575.00 each, shall be due and payable and be paid on the first day of March, A. D., 1933." Neither of these payments has been made.

On November 17, 1932, defendant husband filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York and listed plaintiff as one of his creditors, specifying the sum of $1,150 as the debt due her.

Defendant was, thereupon, adjudicated a bankrupt, and on February 15, 1933, he was discharged in bankruptcy from all debts and claims, provable under the acts of Congress relating to bankruptcy.

There were other proceedings in the District Court as well as in the Municipal Court. No review of them is necessary. Defendant has conceded that the amount awarded by the California decree for the support and maintenance of plaintiff was not a provable debt and that, as to this amount, he was not discharged in bankruptcy.

He disputes, however, plaintiff's claim that the amount awarded for counsel fees was also not a provable debt. Thus the question now presented is whether the amount awarded by the California decree to plaintiff for her counsel fees is " alimony due or become due, or for the maintenance or support of wife or child." (Bankruptcy Act, § 17, U. S. Code, tit. 11, § 35.)

The determination of this question depends upon the interpretation of the California law. It is conceded that both parties resided in California and were subject to the California court.

Section 137 of the Civil Code of California reads, in part, as follows: "Alimony, permanent and temporary support, and costs of prosecution. When an action for divorce is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, as the case may be, or to prosecute or defend the action."

This statute seems to definitely settle the present controversy. It is apparent that the term " alimony " as therein used is to be interpreted or defined so as to include " any money necessary to enable the wife * * * to prosecute or defend the action " as well as any money necessary to enable her to support herself. In this respect the language of the statute is definite. It leaves no room for construction.

It thus becomes immaterial that in the California decree an

award of counsel fee was made in one paragraph and an award of alimony in another. Defendant claims that this is not without significance. He argues that it indicates an intention on the part of the court to differentiate between alimony and counsel fee. We cannot attach any such significance to the matter. It is to be presumed that the court in making the decree acted in accordance with its regular practice, and while separate provisions were made for support and maintenance and for counsel fee, both provisions are alimony within the meaning of the California statute.

The controversy is determined in favor of plaintiff and judgment is awarded in her behalf for $1,150, with interest on $575 from November 1, 1932, and on $575 from March 1, 1933, but in accordance with the stipulation of the parties, without costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment directed in favor of plaintiff for $1,150, with interest on $575 from November 1, 1932, and on $575 from March 1, 1933, without costs. Settle order on notice.