## RYAN, Respondent, v. RYAN, Appellant.

(No. 8,070.)

(Submitted September 27, 1940.   Decided October 11, 1940.)

[106 Pac. (2d) 337.]

*Mr. E. J. Stromnes,* for Appellant, submitted a brief, and argued the cause orally.

106

*Mr. O. B. Kotz,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Defendant appeals from a district court judgment against him and in favor of plaintiff on appeal from justice court. New pleadings were filed in district court.

The amended complaint alleged that on June 1, 1938, the parties entered into a separation agreement, a copy of which was pleaded, for the payment by defendant to plaintiff of $32.50 per month for her support, and that defendant had failed to make certain payments or parts thereof amounting in all to $62.50. The agreement is in the usual form; by it the parties agreed to an immediate separation and recited that they owned no realty and had divided their personal property; defendant agreed to pay plaintiff $32.50 per month during both their lives "or until remarriage of second party," and in consideration thereof plaintiff relinquished all property claims against defendant.

The amended answer made no denial of the allegations but ██ merely alleged that a decree of absolute divorce was rendered by the court on July 16, 1938, and "that since said date the defendant has been in no wise obligated to support the plaintiff or pay money to her for her support, either by virtue of the terms or provisions of plaintiff's Exhibit A, annexed to her Complaint, or otherwise or at all."

As a further answer and separate defense, the defendant alleged only: "That said Agreement, plaintiff's Exhibit A, was at the time of its execution and at all times since has been and now is, void and a nullity and against public policy, for the reason that the same was executed and delivered by the parties thereto collusively and in aid of divorce and on the consideration that a divorce be granted the defendant Phillip E. Ryan from the plaintiff, Anna C. Ryan, and pursuant to said collusive and unlawful agreement, the plaintiff did on the date of delivery thereof, refuse to plead further in her pending action

against the defendant, mentioned in said Agreement, and did aid the defendant in obtaining his divorce from the plaintiff, as she agreed to do, and that said Agreement is void and against public policy and against the policy of the laws of the State of Montana.''

Plaintiff by her reply denied the allegations of the answer except as to the entry of the divorce decree and later moved for judgment on the pleadings upon the ground that the answer failed to state a defense. The district court granted the motion and rendered judgment accordingly. The sole question is whether the answer stated a defense.

There can be no question that the first quoted portion of the answer stated nothing but a bald legal conclusion; and that answer traverses none of the allegations of the complaint. The separate defense is in the nature of confession and avoidance, admitting the contract and nonpayment thereunder, but attacking the validity of the contract as being against public policy and therefore void.

In essence, this is defendant's position: That he agreed to pay plaintiff the support money for the fraudulent purpose of obtaining a collusive divorce with defendant's assistance; that his promise had brought him the desired result but should now be held unenforceable as being against public policy and therefore void.

The reference in the separation agreement to defendant's cross-complaint for divorce and to the ''remarriage of the second party'' indicates that a divorce was contemplated but not that it was to be fraudulently or collusively obtained.

Several incidental questions are suggested, such as the sufficiency of the answer to state the attempted defense, but it will be necessary to rule only on the main question and to refer only to two decisions of this court which have definitely disposed of it.

In *Grush* v. *Grush*, 90 Mont. 381, 3 Pac. (2d) 402, 403, plaintiff obtained a decree of divorce in which, pursuant to a separation agreement, he was required to pay alimony. Subsequently he moved to set aside the alimony provision on the ground that it was not within the court's power where the

divorce was not granted "for an offense of the husband." (Sec. 5771, Rev. Codes.) Defendant in her opposition to the motion testified to facts indicating that she, and not plaintiff, had had a cause of action for divorce, but that in reliance upon his agreement for the payment of permanent alimony and for the incorporation of the alimony provision in the decree she failed to oppose the action. Some of her testimony was controverted by plaintiff but not her statement that she failed to contest the divorce because of her reliance upon the agreement as to alimony.

In that case this court said that the agreement savored of collusion and was opposed to public policy and a fraud upon the court, and that the decree if based upon it might be set aside by the court *sua sponte*; but that by sustaining plaintiff's motion and permitting the divorce decree to stand the court would in effect sanction his obtaining it by keeping plaintiff away from court by fraudulent promises amounting to extrinsic fraud, and thus might serve to assist him in perpetrating a fraud upon the plaintiff and so make itself an instrument of injustice; that it could not justifiably annul the alimony provision and allow the divorce to stand; that public policy would not seem to require the annulment of the divorce, since neither party requested it and apparently if contested the only change would have been in the ascertainment of the offending party; that plaintiff under the circumstances, having accepted the benefit of the decree, could not be permitted to evade its burdens agreed to by him but should properly be left where he had voluntarily placed himself by the agreement.

Defendant contends that the *Grush Case* is not applicable here. But the only material difference is that in the *Grush Case* the question of fraud was raised defensively to prevent the moving party from benefiting by the fraud, whereas in this case it is raised affirmatively by the moving party for his own benefit. Certainly here, to say the least, the equities in favor of the wife are no less compelling than in the *Grush Case*.

Furthermore, in *Herrin* v. *Herrin,* 103 Mont. 469, 63 Pac. (2d) 137, this court held under analogous circumstances that

the contract should be held separable and that even though the divorce decree were to be set aside as void and against public policy, the separation agreement should stand. That holding is especially applicable where, as here, there is express consideration for the support provision, in this case the wife's relinquishment of her property rights. Here the suit is upon the separation agreement, and not upon an alimony provision in the decree itself.

It must be held, therefore, that even if the defendant's wrongful acts are sufficiently stated they can avail him nothing; that the answer states no defense to the complaint, and that there is no error in the action of the trial court. The judgment is affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, ERICKSON and ARNOLD concur.