AMERICAN SURETY CO. *v.* McKIEARNAN.

1. BILLS AND NOTES—FINDING OF COURT—EMBEZZLEMENT—SURETY ON FIDELITY BOND.

   In action on a note by surety on fidelity bond of defendant, formerly an agent of an express company, evidence supported finding that sum represented by note had been embezzled by defendant.

2. SAME—PAYMENT—EVIDENCE.

   Evidence sustained finding that note given surety on express agent's fidelity bond for sum maker had embezzled was given merely as written evidence of the indebtedness to surety, not in payment thereof.

.3. BANKRUPTCY—DISCHARGE—EMBEZZLEMENT—WILFUL AND MALICIOUS INJURY TO PROPERTY.

   Embezzlement of funds from a principal which plaintiff surety under agent's fidelity bond paid principal was a wilful and malicious conversion constituting an injury to property excepted from release through a discharge in bankruptcy (Bankruptcy Act, § 17 [2]).

4. SAME—TORTS—DISCHARGE—NOTES—DEFENSES—EMBEZZLEMENT.

   Payee's action on a promissory note, commenced after expiration of three-year period of statute of limitations for tort actions, was not barred by maker's discharge in voluntary bankruptcy proceedings where pleadings show debt represented by note was created by embezzlement of funds by maker while an agent of express company for which payee was surety on a fidelity bond, notwithstanding fact that by reason of such tort the debt was not released by discharge entered less than three years from time of embezzlement, since the action is based on contract and the tort merely avoided the effect of an alleged defense (Bankruptcy Act, § 17 [2]; 3 Comp. Laws 1929, § 13976).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 14, 1942. (Docket No. 109, Calendar No. 42,081.) Decided February 23, 1943.

Assumpsit by American Surety Company, a New York corporation, against Charles R. McKiearnan on a promissory note. Judgment for plaintiff. Defendant appeals. Affirmed.

*Mason, Davidson & Mansfield* (*Walter A. Mansfield,* of counsel), for plaintiff.

*George A. Gray* (*Herbert E. Munro,* of counsel), for defendant.

NORTH, J. Defendant admits in the stipulation of facts that while acting as an agent of the American Express Company, either he or his agents or employees, issued money orders between November 6, 1934, and November 12, 1934, totaling $768.96 for which defendant did not account to the express company, although the amount of such indebtedness was subsequently reduced to $517.96. But it is not admitted in the stipulation that such indebtedness was an act of "wrongful abstraction" rather than a mere debt. Plaintiff had executed a fidelity bond to the American Express Company on behalf of defendant and it paid this indebtedness to the express company. Thereafter defendant executed a promissory note dated December 13, 1935, for $617.96 payable to plaintiff, on which note defendant later made a payment of $100. July 17, 1936, defendant filed a voluntary petition to be adjudicated a bankrupt. Plaintiff herein appeared in the bankruptcy proceedings and contested defendant's right to secure a discharge of this particular item on the ground

that defendant's note represented a sum that defendant had embezzled. Upon a hearing before the referee, he found: "It is admitted that the bankrupt embezzled certain funds (represented by the note) which were bonded by the said surety company;" but the referee held: "That the objecting creditor in taking the note waived any tort that was committed by the bankrupt;" and recommended discharge of the bankrupt. The judge presiding in the bankruptcy court confirmed the referee's report; and on the same day (September 13, 1937) entered the order of final discharge. However, this final order of discharge contained the following: "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

Plaintiff brought this suit January 26, 1940, charging that the indebtedness grew out of a wilful misappropriation of funds, that defendant had promised to repay the amount misappropriated but failed to do so. Defendant answered, denying any wrongdoing, and pleaded discharge in bankruptcy and the statute of limitations. The trial court, sitting without a jury, entered judgment for plaintiff. Defendant has appealed.

Two questions of fact are presented. (1) Did defendant's obligation arise from a wilful and malicious injury to the person or property of another so that a discharge in bankruptcy would not bar this claim of plaintiff under section 17 (2) of the Federal bankruptcy act?[*] And (2) Did plaintiff accept the note as payment for the balance of the indebtedness or only as evidence of the indebtedness?

Both the referee in bankruptcy and the circuit judge found that the money involved in this suit was embezzled by defendant. This finding is abun-

---

[*] See 42 Stat. at L. 354 (11 USCA, § 35).—Reporter.

dantly supported by the testimony. While the referee found that the note in suit was given in payment of defendant's indebtedness and thereby the tort was waived, to the contrary the circuit judge determined that the note was given merely as evidence of the indebtedness, fixing the amount thereof. The record sustains the conclusion reached by the trial judge. Plaintiff's agent testified he made the purpose of the note clear to defendant, *i. e.,* that the note was taken only to show what the indebtedness was and that in taking the note, he could not waive any criminal action against defendant. On this controversial phase of the record, defendant's testimony was not at all clear or convincing; and in substance about all he could remember concerning the circumstances surrounding the execution of the note was that he signed it. Because of the above-noted circumstances, we are not in accord with defendant's contention that our decision in *MacDonald* v. *Hornblower & Weeks,* 268 Mich. 626, is controlling in his favor. The facts and circumstances involved in the cited case clearly distinguish it from the instant case. We are in accord with the holding of the circuit judge that defendant's note was not taken in satisfaction of the debt, but instead merely constituted written evidence thereof.

The questions of law presented may be stated as follows: (1) Did taking the note under the circumstances of the instant case extinguish the fraud so that the discharge in bankruptcy relieved defendant from the obligation originally created by the conversion, misappropriation or embezzlement? And (2) Can plaintiff herein sue on the note, thereby avoiding the three-year statute of limitations applicable to a tort action, and still rely upon the tort to prevent the liability represented by the note being discharged by the bankruptcy proceedings?

As to the first of these legal questions, the law as stated in *Probst* v. *Jones,* 262 Mich. 678, is that wilful and malicious conversion is an injury to property within the meaning of section 17 (2) of the bankruptcy act (11 USCA, § 35) and is excepted from release through a discharge in bankruptcy. See, also, *Money Corporation* v. *Draggoo,* 274 Mich. 527. In *Field* v. *Howry,* 132 Mich. 687, 693, we quoted from *Township of Madison* v. *Dunkle,* 114 Ind. 262 (16 N. E. 593), the following: " 'It is well-settled that the courts will look behind a note, a mortgage, or even a judgment, to ascertain the nature of the debt, and, if it is ascertained to be one which a discharge (in bankruptcy) does not bar, it will be so adjudged.' " Numerous cases might be cited to show that this seems to be the well-settled rule of law where the note, as in the instant case, was given only to evidence the indebtedness. *Rice* v. *Guider,* 275 Mich. 14, is to that effect.

As to the question of whether plaintiff may sue on the note and thereby avoid the three-year statute of limitations applicable to tort actions (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) but still rely on the tort to avoid a discharge of the note by the bankruptcy proceedings, *Gregory* v. *Williams,* 106 Kan. 819 (189 Pac. 932), holds:

"Another matter argued by the defendant is that the action is barred by that part of the statute of limitations which provides that actions for relief on the ground of fraud must be brought within two years (Kansas Civil Code, § 17, subd. 3, Gen. Stat. 1915, § 6907). The difficulty with this argument has been pointed out. The action is not for relief on the ground of fraud; the action is on a promissory note. Fraud is set up by the plaintiff, not as a cause of action, but to avoid the defense alleged by the defend-

ant.   The action being one on a promissory note is not barred by the two-year statute of limitations. (*Louisville Banking Co.* v. *Buchanan,* 117 Ky. ,975, 987 [8 S. W. 193, 195, 4 Ann. Cas. 922].)''

So in the instant appeal, the suit is based on the note, not on the tort.   The tort is referred to in the pleadings only to meet defendant's claim that his discharge in bankruptcy extinguished liability on the note. While the precise question does not seem to have been raised in *Field* v. *Howry, supra,* that suit, commenced more than three years after the misappropriation of trust funds, was based on notes, and recovery was allowed notwithstanding the defendant who signed the notes had been adjudicated a bankrupt.   The court held it would look behind the notes to ascertain whether the nature of the debt was such that it was dischargeable in bankruptcy.   Under the circumstances of the instant case plaintiff's suit is not barred by defendant's discharge in bankruptcy.

The judgment is affirmed.   Costs to appellee.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.