[Civ. No. 18366.   Second Dist., Div. One.   Nov. 15, 1951.]

HELEN GREEN BULPITT, Respondent, v. PAUL ADAMS BULPITT, Appellant.

John L. Huntzinger and W. Eugene Henry for Appellant.

Robert N. Baker for Respondent.

HANSON, J. pro tem.—Appellant who was the defendant below appeals from a decree which granted a divorce to his wife on the ground of extreme cruelty, awarded a part of the property involved to the wife and a part thereof to the husband, ordered the husband to pay a specified amount of money to the wife for the support of their minor children and that he pay the premiums on policies of insurance. The appeal is based primarily on the contention that the evidence is insufficient to sustain the decree.

We are faced at the outset with the question whether we can review the case on the merits in view of the fact that two DC-3 airplanes—a part of the community property— were not only awarded to appellant but shortly after the judgment was entered were sold and the proceeds thereof taken by appellant. In that connection it should be stated that the parties to the cause filed a written stipulation therein about two weeks after the judgment was entered wherein they agreed that the court might authorize and direct a receiver to sell the planes and disburse the funds according to the terms of the judgment except as modified by the terms of the stipulation.

On the merits, the argument in the brief of appellant covers a wide range, but the initial issue before us is a narrow one and if decided adversely to appellant forecloses our consideration of the merits of the case. We think we are here thus foreclosed.

In her complaint the wife set forth a long list of properties all of which she averred were community property. In his answer the defendant husband admitted that the property as listed was community property except as to certain properties which he contended were not a part of the community but instead were held in joint tenancy.

The defendant did not personally attend the trial of the action, but was represented by counsel who participated in it without cross-examining the witnesses for the plaintiff or offering any evidence for the defense. The wife's testimony was to the effect that the property involved was community property. This testimony accordingly stands uncontradicted and was found by the court to be true.

If, as here, the court found that all the property of

the parties was community property and, as here, granted the divorce to the wife on the ground of extreme cruelty, it was vested with a discretion to assign the properties to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties, might deem just (Civ. Code, § 146), provided that the plaintiff was awarded more than 50 per cent of the community property. (*Arnold* v. *Arnold,* 76 Cal.App.2d 877 [174 P.2d 674].)

█ The general rule that a person who accepts the benefits of a judgment, order or decree cannot afterward maintain an appeal to review it is applied in this state to divorce proceedings (*Storke* v. *Storke,* 132 Cal. 349 [64 P. 578]; *Cline* v. *Cline,* 132 Cal.App. 713 [23 P.2d 431]; *Swallers* v. *Swallers,* 89 Cal.App.2d 458 [201 P.2d 23]).

In the Storke case the trial court entered a final judgment granting the plaintiff husband a divorce upon the ground of defendant wife's extreme cruelty. The judgment awarded the wife $450. After the entry thereof and before any notice of intention to move for a new trial had been made, plaintiff paid to defendant and defendant accepted, the said $450 so awarded to her by the judgment. She thereupon filed a motion for a new trial. Thereafter plaintiff filed a motion to dismiss the motion for new trial on the grounds, among others, that defendant had received all the money awarded to her by the said judgment, and thus waived her right to move for a new trial. The appeal by plaintiff was from the order denying the motion. The court said: "The court found by the judgment that defendant had been guilty of extreme cruelty, and that plaintiff was entitled to a divorce. The presumption is that the judgment is correct. . . .

". . . Defendant accepted the part of the judgment that was beneficial to her. It was a final judgment, and by its terms gave her $450. This sum was based upon the findings, and was the result of the litigation. Defendant took the $450, and now seeks to attack the judgment through which she received it. This she cannot do. Having taken the benefit, she must bear the burden. . . . If the defendant should procure a new trial, she would still have the $450, and plaintiff would not have his divorce. If she has used it, or is otherwise unable to pay it back, the plaintiff cannot be placed in the same condition in which he was before the trial.

"The principle is well settled that a party accepting and receiving the portion of the judgment beneficial to him cannot appeal from it."

Appellant's contention that he was forced to stipulate to a sale of the property and to accept the proceeds allotted to him by the judgment due to his financial situation not only is not sustained by the record, but likewise is of no legal materiality. Moreover, the Minnesota case of *Spratt* v. *Spratt,* 140 Minn. 510 [166 N.W. 769], from which he quotes to support his contention, was upon reargument superseded by the court's decision dismissing the appeal (140 Minn. 510, 167 N.W. 735). (The original opinion as well as the opinion vacating it are both set forth in 140 Minn. 510.) His further contention that a reversal of the judgment could not affect the property rights as established by the decree in his favor is based on the thought that he was in any event entitled to one half of the community property. This is not the law. (*Arnold* v. *Arnold,* 76 Cal. App.2d 877 [174 P.2d 674].)

Appellant's final contention that he was entitled after the interlocutory decree to manage and control the community personal property with a like power of disposition as he has of his separate estate, in view of Civil Code, section 172, is obviously without merit. The section, it seems to us plain, is not applicable after an interlocutory decree of divorce has been entered dissolving the community and adjudicating distinct and separate titles thereto. (*Cf. De Godey* v. *Godey,* 39 Cal. 157 [dicta] ; *Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697].)

Such an adjudication is final, short of an existing right of appeal or an order vacating the decree. (*Leupe* v. *Leupe, supra.*)

As the appellant under the facts of the case before us must be deemed to have waived his right of appeal, the appeal is dismissed and the judgment below affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 12, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1952.