**Arlene M. DAMON, Respondent, Appellant,**

v.

**Cecil J. DAMON, Petitioner, Appellee.**

**No. 5714.**

United States Court of Appeals First Circuit.

Heard Oct. 4, 1960.

Decided Oct. 28, 1960.

William H. Niehoff, Waterville, Me., with whom Niehoff & Niehoff, Waterville, Me., was on brief, for appellant.

No appearance for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

The main question raised in this appeal is whether the lower court erred in finding as a matter of law that an order for the payment of counsel fees decreed by the Superior Court of Maine to a wife in a divorce action is a debt dischargeable in bankruptcy and granting the discharge of the petitioner on his petition for a writ of habeas corpus.

Cecil J. Damon, petitioner-appellee, commenced an action for divorce against his wife, Arlene M. Damon, respondent-appellant, on January 21, 1960 in the Superior Court in and for the County of Kennebec and State of Maine. The respondent instituted a cross-action for divorce and engaged an attorney to prosecute the cross-action and defend her against the petitioner's action. On February 8, 1960 the Superior Court ordered petitioner to pay to respondent's attorney of record $150 as counsel fees. Execution was not to issue until the action for divorce had been heard. On May 4, 1960 respondent dismissed her cross-action. A hearing was held on petitioner's action which was contested by respondent. After a hearing the Superior Court dismissed petitioner's action.

On the same date an oral motion was made by respondent for counsel fees. On May 7, 1960 judgment was entered by the Superior Court in the amount of $250 in favor of Arlene M. Damon for counsel fees payable to William H. Niehoff, her attorney of record. A capias execution was issued on this judgment on May 9, 1960 and petitioner was taken into custody on May 11 where he remained until discharged on May 26, 1960 by the district court after hearing on his petition for writ of habeas corpus.

On May 7, 1960 petitioner filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt. The petitioner listed in his schedule Arlene M. Damon and William H. Niehoff as unsecured creditors for the amount of the counsel fees. Petitioner applied for a writ of habeas corpus in the lower court seeking discharge from imprisonment under the capias execution on the judgment for counsel fees. The district court after a hearing ordered petitioner's discharge pursuant to General Order in Bankruptcy 30, 11 U.S.C.A. following section 53.

The district court's first ground for ordering the discharge of petitioner was that General Order in Bankruptcy 30 clearly provided for such discharge, since the claim was provable under § 63 of the Bankruptcy Act, 11 U.S.C.A. § 103.[1] However, the General Orders are enacted pursuant to the Bankruptcy Act and must yield to the terms of the Act. 11 U.S.C.A. § 53; In re Baker, D.Kan.1899, 96 F. 954. The protection from imprisonment given to a bankrupt by the Bankruptcy Act is clearly in terms of a dischargeable debt or claim. 11 U.S.C.A. § 27.[2] Therefore, if the debt for the collection of which petitioner was imprisoned is a non-dischargeable debt under 11 U.S.C.A. § 35, the order discharging petitioner was error. See also In re Thomashefsky, 2 Cir., 1931, 51 F.2d 1040; 1 Collier, Bankruptcy, ¶ 9:03, p. 1086 (14th ed. 1956).

---

1. "*Order 30. Imprisoned Debtor*
   "* * * If the bankrupt or debtor, during the pendency of said proceedings, be arrested or imprisoned upon process in any civil action, the judge, upon his application, may issue a writ of habeas corpus to bring him before the judge to ascertain whether such process has been issued for the collection of any claim provable under the Act, and if so provable he shall be discharged; if not, he shall be remanded to the custody in which he may lawfully be. * * *"

2. The pertinent part of that section reads:
   "*§ 27. Protection of bankrupts.*
   "A bankrupt shall be exempt from arrest upon civil process except in the following cases: * * * (2) when issued from a State court having jurisdiction, and when served within such State, upon a debt or claim from which his discharge in bankruptcy would not be a release, and in such case he shall be exempt from such arrest when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by this title. * * *"

Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35 provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for alimony due or to become due, or for maintenance or support of wife or child * * *." Various cases have construed this exception to include counsel fees ordered by a court. See e. g., Merriman v. Hawbaker, D.C.E.D.Ill.1934, 5 F.Supp. 432. The lower court referred to these cases, but concluded that since the Maine statute, Me.Rev.Stat. Chap. 166, § 64 as amended,[3] clearly differentiated in terms between alimony, payments for support and payments for counsel fees, these cases were not apposite.

We believe that the determinative question, however, is whether or not the claim for counsel fees is in the nature of support or alimony. The distinction in terms within a state statute does not seem controlling on this question. Cf. Ross v. Keith, 1st Dep't. 1933, 238 App. Div. 640, 265 N.Y.S. 246. More important is the entire statutory provision made for the support of a wife. If under the provisions for the wife pending and growing out of marital actions, counsel fees are allowed to the wife, and it is discernible that this allowance is made on the same basis as alimony, or other forms of support owed by a husband to his wife, then the claim for counsel fees is not dischargeable in bankruptcy. See In re Hollister, D.C.S.D.N.Y.1942, 47 F.Supp. 154, affirmed 2 Cir., 1943, 132 F.2d 861.

█ In regard to the Maine statute, we believe that the provision for counsel fees is based on the same foundation of a husband's duty as other forms of support and is, under Maine law, a form of support owed by a husband to his wife. See Meaher v. Mitchell, 1914, 112 Me. 416, 92 A. 492, L.R.A.1915C, 467. The provision for the same type of execution as for alimony and support payments, as well as the inclusion of the provision for counsel fees with those for various forms of support also indicates the correctness of this conclusion.

Under Section 9 of the Bankruptcy Act, 11 U.S.C.A. § 27, petitioner is entitled to release from imprisonment in order to perform duties imposed on him by the Bankruptcy Act. Such ground was not the basis of the order of the dis-

---

3. *"Sec. 64. Payment of alimony; attorney's fees; support of minor children; capias execution.*—Pending a petition to enforce a decree of alimony, or a decree for payment of money instead thereof, or for the support of minor children, or a decree for support pending the divorce action or for payment of counsel fees, or for the alteration of an existing decree for the custody or support of minor children, the court may order the husband or father to pay to the wife or mother, or to counsel for the wife or mother, sufficient money for the prosecution or defense thereof, upon default of which order execution may issue as in actions of tort. Execution for attorney's fees shall not issue until the action for divorce has been heard. Petition for such execution may be signed by the person seeking same or his attorney of record in such divorce action. At the time of making a final decree in any divorce action, the court may order that execution and such reasonable attorney's fee as the court shall order shall issue against the body of any party to the action charged with the payment of support of minor children or payments of alimony or a specific sum in lieu thereof, upon default of any payment, and the court shall order that the clerk of said court shall issue such execution. When the husband or father is committed to jail on execution issued upon decree of alimony, or for payment of money instead thereof, or for the support of his minor children, or for support pending the divorce action or for payment of counsel fees, the county having jurisdiction of the process shall bear the expense of his support and commitment and he may be discharged from imprisonment by payment of the execution and all costs and expenses of his commitment and support, and he shall not be entitled to relief therefrom under chapter 120. He may petition the court issuing such execution for relief, whereupon a judge of such court after due notice to the wife or mother, and hearing thereon, may order his discharge from imprisonment on such terms and conditions as justice may require."

trict court, however, so it is unnecessary for us to consider it. Any application for such a temporary release may be presented to the district court. Application for other relief must be made to the Superior Court.

Judgment will be entered vacating the order of the district court and remanding the case for further proceedings not inconsistent with this opinion.