396 P.2d 476

Neita Mariece MILLER, Plaintiff-Respondent,

v.

Jack M. MILLER, Defendant-Appellant.

No. 9488.

Supreme Court of Idaho.

Oct. 30, 1964.

W. Lloyd Adams and Mary Smith, Rexburg, for appellant.

Nels T. Sahl, St. Anthony, for respondent.

**McFADDEN, Justice.**

The plaintiff-respondent and the defendant-appellant formerly were husband and wife. On February 1, 1960, in a former action their marriage was dissolved by a decree of divorce. An agreement, dated January 30, 1960, but acknowledged February 1, 1960, was executed by the parties, filed in the divorce action, and approved by the court by recitation to that effect in the decree.

This contract, which is involved in the instant action, settled the property rights of the respective parties and provided that "* * * upon the signing of the divorce decree by the Court, provided a divorce be granted, that the husband will pay to the wife, as alimony, for support and maintenance, * * *" $150.00 monthly for five years; it further provided after the five year period, the parties would re-evaluate the contract, and in the event of the impossibility of their re-evaluating it, then such re-evaluation could be done "* * * by a court of competent jurisdiction, * * *". The agreement also provided that the monthly payments were to terminate upon the death of either party, or upon the remarriage of the wife.

After the divorce appellant made the monthly payments to respondent for a period of about a year and then stopped the payments. Respondent instituted the present action seeking recovery of the past due monthly payments. Her claim for relief is based upon the appellant's failure to make the payments to her as provided by the contract, and not upon the divorce decree.

Appellant by his answer alleged that the agreement was void as to alimony, inasmuch as such contractual obligation to pay alimony is not authorized by statute, and, not being incorporated in the decree of divorce, is unenforceable. As another defense he alleged that at the time of the execution of the agreement and signing the instruments pertaining to the divorce that he was not capable of exercising the necessary judgment properly to execute the instruments, but that he relied solely upon the advice of respondent's counsel who prepared them.

The cause was heard by the court; findings of fact and conclusions of law were entered, followed by a judgment for respondent for $3,450.00, the amount found due as of the date of entry thereof, " * * * plus $150.00 for each succeeding month that the judgment is not paid." This appeal is from the judgment entered. Neither party contends that there was any merger or incorporation of the agreement into the decree of divorce.

By his assignments appellant contends that the trial court erred in concluding: (1) that the parties could enter into a valid contract providing for alimony without it being decreed in the divorce action; (2) that the appellant was not mentally incapacitated at the time he entered into the agreement; (3) that the alimony settlement was not excessive; (4) that alimony could be awarded by the court, or contracted by the parties without proof of necessity for such support; (5) that the speed of execution of the agreement and the procurement of the divorce was not contrary to public policy.

In the divorce action instituted by appellant herein as the plaintiff, the complaint was filed and summons issued January 30, 1960, (In discussing the divorce action, the parties are referred to herein as "plaintiff" and "defendant"). On February 1, 1960, there was filed the defendant's acknowledgment of service of the summons and a stipulation executed by him and the plaintiff's counsel, whereby the defendant agreed that the cause could be heard as a default matter without any notice to him, and he waived findings of fact and conclusions of law. The same day the plaintiff filed an affidavit, in which she alleged facts indicating the need for an immediate hearing of the cause, and requested the court that the action be heard immediately. The court in response to this request heard the cause as a default matter on February 1, 1960, and entered the decree awarding the divorce to the plaintiff (respondent herein). No appeal was taken from this decree, and no application was ever made to have it set aside.

Since entry of the decree appellant has remarried; but he now complains that the entry of the decree in the manner as it was done, was against the public policy. This he cannot do, for having accepted the benefits of such decree, he is now estopped

from attacking it. Davis v. Davis (1951), 229 Ind. 414, 99 N.E.2d 77; State ex rel. Balsley v. St. Joseph Superior Court (1948), 226 Ind. 372, 81 N.E.2d 373; Bulpitt v. Bulpitt (1951), 107 Cal.App.2d 550, 237 P.2d 539; Ryan v. Ryan (1940), 111 Mont. 104, 106 P.2d 337; 31 C.J.S. Estoppel § 110(7), p. 577.

As to the appellant's contention that the court erred in concluding the parties could enter into a valid contract providing for alimony without it being decreed in the divorce action, attention is called to the case of Beard v. Beard, 53 Idaho 440, 24 P.2d 47. In that case this court recognized the right of a husband and wife to contract concerning payments for support and maintenance, suit money, and settlement of property rights as between themselves.

In the Beard case, supra, this court quoted from Daniels v. Benedict, 8 Cir., 97 F. 367, as follows:

"The contract of separation, therefore, like agreements between strangers, was valid and binding, unless it was illegal, immoral, or violative of public policy. There is certainly nothing illegal in an agreement for a husband and wife to live separate and to divide their property. There is no moral turpitude in such a contract, nor can it be said at this day to be otherwise than in accord with the public policy of England and the United States. * * * Repeated decisions of the courts of this country announced the same conclusions, and enforced the performance of these contracts, until in 1869, in Walker v. Walker's Ex'r, 9 Wall. 743, 750 [19 L.Ed. 814], Mr. Justice Davis, in delivering the opinion of the supreme court, declined to discuss the question, and declared that: 'Contracts of this nature, for the separate maintenance of the wife through the intervention of a trustee, have received the sanction of the courts in England and in this country for so long a period of time that the law on the subject must be considered as settled.'"

17 C.J.S. Contracts § 235c, p. 1100; 27B C.J.S. Divorce § 301(2) a, p. 411; 17A Am. Jur.Divorce and Separation §§ 890, 891, pp. 79, 80.

The fact that the contract contains a provision that it shall become effective only upon the granting of a divorce does not detract from its validity. In Hill v. Hill (1943), 23 Cal.2d 82, 142 P.2d 417, it was stated:

"Public policy seeks to foster and protect marriage to encourage parties to live together, and to prevent separation (citations). But public policy does not discourage divorce where the relations between husband and wife are such that the legitimate objects of matrimony have been utterly destroyed. (citations). In the absence of fraud,

collusion or imposition upon the court, public policy does not prevent parties who have separated from entering into a contract disposing of their property rights which shall become effective only in the event one of the parties obtains a divorce, * * *."

In the instant action the contract recited that a divorce action had already been instituted, and hence it does not appear that the contract is one to secure a divorce.

Appellant asserts that this contract provides for "alimony," which can only be awarded by a decree of court. Generally the term "alimony" is used to designate payments which the husband makes to the wife under a court order for her support pending a divorce action or after a divorce has been granted. 3 Words and Phrases, p. 178. Appellant states: "Alimony agreements not made a part of the decree of divorce, are void and unenforceable", and that "Only the court granting the divorce has the power to award alimony * * *". It is well settled in this state that support and property settlement agreements are recognized without the award for support having been made by the court. Beard v. Beard, 53 Idaho 440, 24 P.2d 47; Kimball v. Kimball, 83 Idaho 12, 356 P.2d 919; Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662. The parties herein in this agreement used the term "alimony", stating ".* * * the husband will pay to the wife,

as alimony, for support and maintenance * * *". The use of the term "alimony" had reference to the periodic payments for respondents support and maintenance. The term "alimony" does not invalidate the agreement where the intention of the parties to provide support for the divorced wife is clear.

Whether a contracting party has sufficient mental capacity to enter into a valid contract is a question of fact to be determined by the trier of the facts as of the time of the transaction. Page v. Prudential Life Ins. Co., of America (1942), 12 Wash.2d 101, 120 P.2d 527; Heward v. Sutton (1959), 75 Nev. 452, 345 P.2d 772; 17A C.J.S. Contracts § 614, p. 1234. Here the record shows that the appellant had suffered some degree of mental disorder some months prior to execution of the agreement. However, the record discloses that appellant was employed in a responsible governmental position which required skill and ability, and that there was no indication that appellant could not properly manage the substantial salary which he received. The trial court found that at the time the agreement was executed the appellant was competent and knew the nature of the contract and its terms. The trial court's finding is supported by competent evidence and hence will not be disturbed on appeal. Bradshaw v. Milner Low Lift Irrigation District, 85 Idaho 528, 381 P.2d 440; Earl v. Fordice, 84 Idaho 542, 374 P.2d 713;

Sinnett v. Werelus, 83 Idaho 514, 365 P.2d 952; Freund v. English, 83 Idaho 140, 358 P.2d 1038.

▮ Appellant's remaining assignments to the effect that the court erred in concluding the alimony settlement was not excessive and that alimony could not be awarded or contracted by the parties without proof of necessity for such support are not properly before this court for determination. No issue was presented to the trial court by the pleadings or the evidence touching upon such questions. Cox v. Cox, 84 Idaho 513, 373 P.2d 929; Robinson v. Spicer, 86 Idaho 138, 383 P.2d 844. The parties to this agreement saw fit to settle the matter as to the amount the wife needed for her support and maintenance. In the absence of fraud or overreaching as between the parties this court cannot modify the express terms of a contract lawfully entered into by competent parties. Miller v. Remior, 86 Idaho 121, 383 P.2d 596; J. R. Simplot Company v. Chambers, 82 Idaho 104, 350 P.2d 211; Holders Manufacturers, Inc., v. Cudd, 80 Idaho 557, 335 P.2d 890; Nuquist v. Bauscher, 71 Idaho 89, 227 P.2d 83.

▮ The contract which provides for payment of $150.00 per month to respondent (subject to re-evaluation after five years), also provides that should appellant retire from his present employments, the monthly payment would be reduced. The judgment entered by the court after fixing a sum certain as being due, in effect required a continuation of the payments at the rate of $150.00 per month for each succeeding month. Such provision in the judgment is contrary to the plain provisions of the agreement and must be stricken from the judgment.

The judgment of the trial court insofar as it attempts to enter judgment for sums due after the date thereof is modified by striking that portion therefrom, and as so modified, the judgment is affirmed.

No costs allowed.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.