406 P.2d 812

Reginald R. REEVES, Plaintiff-Appellant,

v.

Robert A. ANDERSEN, Defendant-Respondent.

No. 9631.

Supreme Court of Idaho.

Oct. 18, 1965.

Alvin Denman, Idaho Falls, for appellant.

**514**

Petersen, Moss & Olsen, Idaho Falls, for respondent.

SMITH, Justice.

This is an appeal from a summary judgment dismissing appellant's action on a promissory note. The trial court granted respondent's motion for summary judgment on the ground, urged by respondent, "that there is no genuine issue of material fact to be determined with respect to Defendant's [respondent's] defense of the discharge in bankruptcy of the debt complained of in the complaint." I.R.C.P. 56(c).

Appellant in his complaint alleges that on December 20, 1963, respondent executed and delivered to appellant his interest bearing promissory note in the principal sum of $475, payable $25 on January 3, 1964, and the balance on or before April 15, 1964; that the note was given in promised payment of counsel fees and court costs incurred by respondent's then wife in contested separate maintenance and divorce proceedings, which resulted in a decree of divorce granted the wife requiring payment of support and alimony, and that respondent has paid no sum on the note. Appellant prayed for judgment for the principal sum of the note and interest, together with attorneys fees.

The divorce was granted and the decree entered on December 23, 1963.

Respondent in his answer denies that he executed the alleged $475 promissory note. He alleges that he signed a note in blank and authorized appellant to fill it in for the amount of $150 and no more, and that therefore the alleged note for $475 is void.

As an affirmative defense respondent alleges that on April 14, 1964, he filed his petition to be adjudged a bankrupt, and that he scheduled the alleged promissory note in the bankruptcy proceeding.

On October 2, 1964, respondent filed his motion for summary judgment together with his supporting affidavit, setting forth the filing of his petition in bankruptcy, the first meeting of creditors, and that the creditors were given until July 6, 1964 to file objections to the discharge of the bankrupt; that no objections having been filed respondent was discharged in bankruptcy on September 29, 1964; that scheduled among respondent's debts was the promissory note alleged in appellant's complaint; that the decree of divorce contained no award of attorneys fees. Respondent then alleges in his affidavit the conclusion, that the note does not represent an award of attorneys fees to appellant, and that the debt was discharged in the bankruptcy proceeding. Attached to the affidavit is a certified copy of the Discharge of Bankrupt, dated September 29, 1964, discharging respondent from debts and claims which by Act of Congress relating to bankruptcy, are made provable against his estate, "except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy."

Appellant assigns as error the ruling of the trial court that the promissory note given by respondent husband for his wife's attorneys fees incurred in the divorce action, was discharged in respondent's bankruptcy proceeding; also assigns as error, the granting of respondent's motion for summary judgment.

While there is a dispute between the parties as to the principal sum of the note, it is clear that respondent accepted responsibility for payment to a third person, i.e., appellant, of his wife's attorneys fees and costs incurred by her in the divorce action, the amount of such assumed debt to be evidenced by a promissory note.

It is also clear that, although the parties stipulated the custody and support provisions contained in the divorce decree, they did not stipulate any award of attorneys fees in favor of the wife to be contained in the decree; and that the decree contained no provision awarding attorneys fees in favor of the wife payable by respondent; nor was the jurisdiction of the trial court invoked, nor was it requested to exercise its discretion, to make a determination in the premises.

Appellant relies on I.C. § 32-704, which reads:

"Allowance of support and suit money.—While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

In Miller v. Miller, 88 Idaho 57, 396 P.2d 476 (1964), "alimony" is defined:

"Generally the term 'alimony' is used to designate payments which the husband makes to the wife under a court order for her support pending a divorce action or after a divorce has been granted." Citing 3 Words and Phrases, p. 178. 396 P.2d at 479.

In the Miller case the Court held that an agreement between the parties, wherein the former husband had agreed to provide support for the divorced wife, was valid even though the so-called "alimony agreement" had not been made a part of the divorce decree, inasmuch as support and property settlement agreements are recognized without an award for support having been made by the court. Beard v. Beard, 53 Idaho 440, 24 P.2d 47 (1933); Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662 (1954); Kimball v. Kimball, 83 Idaho 12, 356 P.2d 919 (1960). The Court in so holding followed the ruling of the Beard case, supra, quoting from Daniels v. Benedict, (8th Cir. 1899) 97 F. 367, at 372-373, as follows:

"The contract of separation, therefore, like agreements between strangers, was valid and binding, unless it was illegal, immoral, or violative of public policy. There is certainly nothing illegal in an agreement for a husband and wife to live separate and to divide their property. There is no moral turpitude in such a contract, nor can it be said at this day to be otherwise than in accord with the public policy of England and the United States. * * * Repeated decisions of the courts of this country announced the same conclusions, and enforced the performance of these contracts, until in 1869, in Walker v. Walker's Ex'r, 9 Wall. 743, 750 [19 L. Ed. 814], Mr. Justice Davis, in delivering the opinion of the supreme court, declined to discuss the question, and declared that: 'Contracts of this nature, for the separate maintenance of the wife through the intervention of a trustee, have received the sanction of the courts in England and in this country for so long a period of time that the law on the subject must be considered as settled.'"

17 C.J.S. Contracts § 235c; 27B C.J.S. Divorce § 301(2)a; 17A Am.Jur. Divorce and Separation §§ 890 and 891.

In American Surety Co. v. McKiearnan, 304 Mich. 322, 8 N.W.2d 82, 145 A.L.R. 1235 (1943), the surety company paid defalcations of one McKiearnan, a bonded employee of American Express Company. McKiearnan then executed and delivered to the surety company his promissory note. After about six months, McKiearnan took bankruptcy. The discharge excepted "debts as are by law excepted from the operation of a discharge in bankruptcy." Thereafter McKiearnan defaulted in payment of the note, whereupon the surety company brought an action thereon. The appellate court, in affirming a judgment of the trial court allowing recovery, held that a court will look behind the note to ascertain the nature of the debt for which it is given, and if it is ascertained to be one which a discharge in bankruptcy does not bar, it will be so adjudged. The court then referred to the record which sustained the trial court's finding, that the money involved in the action had been embezzled. The court then pointed to the additional question presented for decision, i.e., whether the plaintiff surety company accepted the note as payment for the balance of the indebtedness, or only as evidence of the indebtedness. Upon reviewing the record the appellate court sustained the trial court's finding that the note was taken not in satisfaction of the debt, but as written evidence of the debt and, therefore, was not discharged in the bankruptcy proceeding.

Similar to the McKiearnan case is Maryland Casualty Co. v. Cushing, (7th Cir. 1948) 171 F.2d 257. The court, after reviewing the record, sustained the trial court's finding that the promissory note involved in the action was taken in satisfaction of the debt, and hence was discharged in defendant Cushing's bankruptcy proceeding. The following statement appears in the opinion:

"The general rule is that a promissory note is but the evidence of indebtedness and does not discharge the debt for which it was given. * * * But if it is shown * * * that it is taken in payment of the debt—then the original debt is fully satisfied by acceptance of the note. [Citations]." 171 F.2d at 258–259.

See also Ore-Ida Potato Products, Inc. v. United Pacific Ins. Co., 87 Idaho 185, 392 P.2d 191 (1964), and Minidoka County for Use and Benefit of Detweiler Bros., Inc. v. Krieger, 88 Idaho 395, 399 P.2d 962 (1965), to the effect, that a promissory note may be accepted as evidence of a debt, rather than in payment thereof. "The presumption attains that in the absence of an affirmative showing, a note is not taken in extinguishment of an antecedent debt but as mere evidence of it." Minidoka County for Use and Benefit of Detweiler Bros., Inc. v. Krieger, supra, 399 P.2d at 972.

I.C. § 32–704 recognizes as "alimony" any money necessary to enable the wife (1) to support herself or her children or (2) to prosecute or defend the action. Inasmuch as this Court recognizes the right of the parties to contract for the payment of "alimony" in the nature of support money, it follows that they also may contract for payment of "alimony" in the nature of suit money for the wife.

A judgment obtained by a wife's attorney against a husband, for services rendered the wife in a separation action was a debt for "support of a wife" within the meaning of the Bankruptcy Act excepting from operation of a discharge in bankruptcy liabilities for the "support of a wife." Krupp v. Felter, (S.Ct.N.Y.County) 191 Misc. 726, 77 N.Y.S.2d 665 (1948). The liability for a counsel fee directed to be paid by an order in a maintenance action, has also been held to be one for alimony, not dischargeable in bankruptcy. Ross v. Keith, 238 App.Div. 640, 265 N.Y.S. 246 (1933); Merriman v. Hawbaker, (D.C. 1934) 5 F.Supp. 432. The liability for a counsel fee assumed by a husband in a separation agreement and not embodied in a later divorce decree was held to be for maintenance and support, and therefore not discharged in bankruptcy. In re Hollister, (D.C.N.Y.1942) 47 F.Supp. 154 aff'd (2nd Cir. 1943) 132 F.2d 861.

We have hereinbefore pointed out that the parties are in agreement on the proposition that appellant as an attorney rendered services on behalf of respondent's wife in the divorce action and that respondent, by execution and delivery of a promissory note, promised to pay to appellant a sum therefor.

The pleadings present genuine issues of material fact, inter alia, as to the validity of the particular note in question, and if valid, whether it was taken as evidence of the debt owing by Mrs. Andersen to appellant thereby rendering the note nondischargeable in bankruptcy, or whether note was taken in payment of the debt, thereby rendering it dischargeable.

If it be determined that the note was taken in payment of the debt then the additional issue of material fact looms forth as to whether appellant, a creditor of the bankrupt, had notice or actual knowledge of the bankruptcy proceeding, thereby to render the debt dischargeable in bankruptcy. 11 U.S.C.A. § 35 sub. a(3).

The summary judgment of dismissal is reversed and the cause is remanded with instructions to reinstate the action.

Costs to appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.