422 F.Supp. 274 (1976)
In re Kermit Louis KNUPPENBURG, Bankrupt.
HYMAN AND RICE, a Michigan co-partnership, Plaintiff,
v.
Kermit Louis KNUPPENBURG, Defendant.
No. 75-90579-H.
United States District Court, E. D. Michigan, S. D.
November 19, 1976.
A. Benjamin Henson, Southfield, Mich., for plaintiff.
Peter J. Mitoff, Southfield, Mich., for defendant.

MEMORANDUM OPINION
GUBOW, District Judge.
The court has before it an appeal from the Bankruptcy Court wherein the Judge in Bankruptcy dismissed the Plaintiff/Appellant's complaint which prayed for the determination of non-dischargeability of the bankrupt, Defendant/Appellee herein. The nature of the debt in question is an award of attorney's fees granted pursuant to a divorce decree. A timely Notice of Appeal has brought the action to the District Court. After reviewing the briefs of counsel, the file and the transcript of the proceedings before the lower court and hearing the arguments of counsel, this court feels constrained to reverse the decision.
Section 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7), provides in pertinent part:
A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as . . . (7) are for alimony due or to become due, or for maintenance or support of wife or child . .
The specific issue for the court to address here in determining the dischargeability of the debt is whether the award of attorney's fees fits within the confines of subsection (7), supra, such that it would be a debt not affected by a discharge in Bankruptcy.
In order to determine what constitutes alimony, maintenance or support under § 17(a)(7), this court must resort to the relevant state law. In re Waller, 494 F.2d 447 (6th Cir. 1974). Unfortunately, the law of Michigan is not directly dispositive of the precise issue, though it does lend assistance. The Michigan Supreme Court has defined alimony as "an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. . . . [I]t signifies . . . an allowance or allotment adjudged against him for her subsistence . . .", Bialy v. Bialy, 167 Mich. 559, 566, 133 N.W. 496, 499 (1911). In order to provide for his wife's subsistence and support, it would seem appropriate for the husband to pay the attorney's fees incident to a divorce decree, for to hold otherwise could result in the wife's payment of the fees, thereby diminishing the funds provided by way of alimony for her subsistence. In this vein, the court can understand the analogy of solicitor's fees to an allowance to buy food, shelter and clothing. Cf. Merriman v. Hawbaker, 5 F.Supp. 423, 434 (E.D. Ill.1934).
*275 Other circuits, dealing with the precise issue before this court, have found, in applying the laws of the particular state jurisdictions, attorney's fees to be within the meaning of alimony, support and maintenance as used in § 17(a)(7). In re Cornish, 529 F.2d 1363 (7th Cir. 1976) (Ill. law); Jones v. Tyson, 518 F.2d 678 (9th Cir. 1975) (Calif. law); In re Nunnally, 506 F.2d 1024 (5th Cir. 1974) (Tex. law); Damon v. Damon, 283 F.2d 571 (1st Cir. 1960) (Me. law). Hence, these debts were non-dischargeable in Bankruptcy.
Based on the foregoing, it is the conclusion of this court that the attorney's fees awarded incident to a divorce decree are non-dischargeable in Bankruptcy. The case is hereby remanded to the Bankruptcy Court to enter an order not inconsistent with this opinion.