Charles L. Rayfield and William C. Rayfield, Appellants, v. Thomas L. Tincher and Caroline Tincher, Appellees.

## Gen. No. 17,415.

1. PAYMENT—*note as payment of debt.* The mere giving of a note does not of itself, extinguish a precedent debt, whether it be an account or other demand.

2. PAYMENT—*question of fact.* The question whether a debt is extinguished by a note is one of intention to be determined by the jury.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913.

Thompson & Clark, for appellants.

Adams, Bobb & Adams, for appellees.

Mr. Presiding Justice Smith delivered the opinion of the court.

The complainants, here the appellants, filed a bill in which they averred, *inter alia,* that they sold to the defendant Thomas L. Tincher an automobile plant and in part payment therefor accepted a note, a copy of which is as follows:

"$4,000.00.          Danville, Ill., June 5, 1905.

On or before two years after date, we or either of us promise to pay William and Charles Rayfield, or order, at the First National Bank, Danville, Illinois, Four Thousand and no/100 Dollars, for value received, with interest at the rate of six per cent. per annum from date, and in case of commencement of suit thereon, we agree to pay all costs of suit, including a reasonable attorney's fee.

                    (Signed) Thos. L. Tincher,
                              C. R. Tincher;"

that the said C. R. Tincher was Caroline R. Tincher, the mother of Thomas L. Tincher, and resided at Danville, Illinois; that at and about the time of the maturity of the said note the said Thomas L. Tincher stated and represented to the complainants that his mother had lost her money and was financially worthless and unable to pay the said note or any part thereof, and that the same was no good, but that he would renew the said note and pay such renewal in one year after date thereof, providing the complainants would extend the payment of the said note one year; that the complainants, relying on the said statements and believing that the said Caroline R. Tincher was financially worthless and unable to pay the said note, accepted extension notes therefor signed by the said Thomas L. Tincher, payable one year after date thereof, and delivered to the said Thomas L. Tincher said $4,000 note signed by him and his mother; that in

fact said Caroline R. Tincher had not lost her money and was not financially worthless, but at the time of the making of the said $4,000 note, and also at the time of its maturity, was a woman of large means and worth several hundred thousand dollars; that the said representations of Thomas L. Tincher that she had lost her money and was financially worthless were false and fraudulent and for the purpose of obtaining possession of the said $4,000 note, and that the two notes for $2,000 each given in renewal thereof were not paid and there was no consideration therefor, and that Caroline R. Tincher was liable on the said $4,000 note, etc. The prayer was that the said $4,000 note be produced in court and the cancellation and indorsement thereon "paid," be set aside and the said Thomas L. Tincher and Caroline R. Tincher be decreed to pay said note with the interest thereon, etc.

The court overruled a demurrer to the bill and the defendants, here the appellees, answered. The answer, *inter alia,* admits the execution of the said $4,000 note and denies the making of the alleged representations and that the two notes of $2,000 each were given in renewal of the said $4,000 note and that there was no consideration therefor, and avers that the said $2,000 notes were given in payment of the said $4,000 note and it was so agreed between the complainants and the defendant Thomas L. Tincher (and said Caroline R. Tincher had no knowledge thereof) and pursuant to the said agreement said $4,000 was paid and surrendered to said Thomas L. Tincher. A replication was filed and the evidence heard by the Chancellor, who found that the allegations in the bill were not sustained and dismissed the bill for want of equity.

The case presents two material issues of fact. First, as to the fraudulent representations alleged to have been made, and that the complainants relied thereon; and, second, as to whether the said $4,000 note was in fact paid by the giving of the two $2,000 notes. Both of these issues are contested and the subjects of much

conflicting evidence, and in determination thereof we have made a careful examination of a voluminous record as well as the abstract. Much may be said in arguments on both sides of these questions, but we can see no benefit to be derived by an exhaustive analysis of the evidence and to comment thereon without so doing would be of little avail. The questions are by no means free from doubt. But the Chancellor having seen and heard the witnesses, we have concluded that the evidence does not warrant this court in holding contrary to the finding of the Chancellor that the allegations in the bill as to the said fraudulent representations, particularly as to the complainants relying thereon, even if they were made as alleged, were not sustained by the evidence. It also seems to us that we are not justified in holding contrary to the finding of the Chancellor; that the evidence proved that the two notes of $2,000 each were given and accepted by complainants in payment of the said $4,000 note, and it was accordingly surrendered as canceled and paid. In *Archibald v. Argall,* 53 Ill. 307, and there are many authorities to the same effect, the court say:

"It is the established doctrine of this court that the mere giving of a note does not, of itself, extinguish a precedent debt, whether it be an account or other demand. *Rayburn v. Day,* 27 Ill. 46; *White v. Jones,* 38 Ill. 159. In such a case, it is a question of intention. It is true, the intention need not be manifested by an express agreement, but may be inferred from the circumstances attending the transaction, and it is a question for the jury. And in a case of conflict in the evidence, this court will rarely disturb the verdict, unless it is clear that the evidence is strongly against the finding. In this case, the evidence is not of that clear and satisfactory character which requires us to say the jury have failed to give it due weight in the conclusion at which they have arrived."

We think the above apt quotation of the rule as applied to the facts in the case at bar. It is of course very unfortunate for the complainants that Thomas L. Tincher became a bankrupt and unable to pay the said

two notes of $2,000 each and also his personal note for $10,000 given complainants at the time of the sale of said shop. However, we are unable to see on this record how they can be relieved of the disastrous consequences of their own bargain.

Counsel for complainants have filed an exhaustive and learned brief arguing that ''The surrender of a joint note to one of two joint and several obligors and giving an extension of time to one will not release the other joint and several obligor,'' and other propositions of law. But the arguments on these legal propositions are entirely on the assumption that the complainants established the allegations of fact made in their bill. As we take the contrary view as to the facts, the legal propositions advanced require no discussion.

The decree is affirmed.

*Affirmed.*