MARYLAND CASUALTY CO. v. CUSHING.
No. 9524.

United States Court of Appeals
Seventh Circuit.
Dec. 3, 1948.

Rehearing Denied Jan. 3, 1949.

258

Edward D. Lapperre and James Maher, both of Chicago, Ill., for appellant.

Chester W. Kulp and Joseph J. Sullivan, Jr., both of Chicago, Ill., (Harry A. Biossat, of Chicago, Ill.., of counsel), for appellee.

Before KERNER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff, a Maryland corporation, sued upon a promissory note executed by defendant. The case was tried by the court without a jury. At the conclusion of all the evidence the trial judge made special findings of fact, rendered his conclusions of law thereon, and entered judgment against plaintiff. To reverse the judgment, plaintiff has appealed.

The amended complaint alleged that when defendant entered the employ of Mutual National Bank, plaintiff became his surety in favor of the bank, as obligee, conditioned upon defendant's faithful and honest discharge of his duties as such employee; that on August 7, 1939 and for two years prior thereto, defendant was employed as a teller in the bank and while so employed he wilfully and maliciously injured the property of his employer in that he converted $15,000 to his own use; that the bank being so injured, made claim upon plaintiff and plaintiff was obliged to and did pay the bank $14,970, and thereby became subrogee of the bank; that on March 17, 1942, in consideration of the existing debt due plaintiff as subrogee, defendant executed and delivered to plaintiff his note for $14,970, bearing interest at 5% per annum; and that thereafter defendant paid plaintiff upon the note the sum of $90.

In response to the complaint defendant answered admitting the execution of the note and averring that the note was executed and delivered to plaintiff upon the express agreement that plaintiff waive the tort. He answered further that on December 13, 1945 he filed his petition in bankruptcy in the United States District Court for the Northern District of Illinois, Eastern Division; that said note was duly scheduled; and that on July 2, 1946 he was duly discharged in said bankruptcy case.

In arguing for a reversal, plaintiff makes the point that a bankrupt is not released from his liability for "willful and malicious injuries to the person or property of another" 11 U.S.C.A. § 35, and argues that the execution and delivery of the note did not change the character of the debt.

It has been held that where a surety pays the debts of a bankrupt arising out of the misapplication of funds by the bankrupt, the surety succeeds to all the rights of the person to whom he makes payment. In re Freeman & Brooks, 7 Cir., 1 F.2d 430; Whitbeck v. Estate of Ramsay, 74 Ill.App. 524; and People v. Chicago Lawn State Bank, 306 Ill.App. 107, 28 N.E.2d 294. And it appears to be conceded that in an action upon a promissory note executed by one thereafter adjudicated a bankrupt, the court will look behind the note to determine whether the debt was such that it was dischargeable, American Surety Co. v. McKiearnan, 304 Mich. 322, 8 N.W.2d 82, 145 A.L.R. 1235; Zimmern v. Blount, 5 Cir., 238 F. 740; and Donahue v. Conley, 85 Cal. App. 15, 258 P. 985.

The general rule is that a promissory note is but the evidence of indebtedness and does not discharge the debt for which it was given. And, of course, where a note is accepted only as evidence of a pre-existing debt and not as satisfaction or waiver of a tort action, acceptance of such a note will not of itself waive the original cause of action. Blumberg v. Louis Henne Co., Tex.Civ.App., 5 S.W.2d 1015; Gehlen v. Patterson, 83 N.H. 328, 141 A. 914; and Mathewson v. Naylor, 18 Cal.App.2d 741, 64 P.2d 979. But if it is shown that the note, by express agreement, is given and received, as payment or waiver of the antecedent tort action, Meaker Galvanizing Co. v. Charles E. McInnes & Co., 272 Pa. 561, 116 A. 400; MacDonald v. Henry Hornblower & Weeks, 268 Mich. 626, 256 N.W. 572, and if the agreement is that the note operates to discharge the original obligation and substitute a new one therefor—in other words, that it is taken in payment of the debt—then the original debt is fully satis-

fied by acceptance of the note. Rayburn v. Day, 27 Ill. 46, 47; Hayward v. Burke, 151 Ill. 121, 132, 37 N.E. 846.

■ To be sure, there is a distinction between an agreement to accept a promise in satisfaction and an understanding requiring performance of the promise. Hence, if the agreement between the parties in this case was that plaintiff accepted the note in substitution of the tort action, a contract thus made would be binding, Meaker case, supra. This is so because compromise, accord and satisfaction are open to one claiming to have a tort action. Nor is it necessary that one waiving a cause of action receive satisfaction in money. MacDonald case, supra.

In our case, defendant's evidence showed that he had been paroled from imprisonment after serving eighteen months for embezzling the funds of the bank; that thereafter he served three years in the armed forces of the United States; that upon his return and discharge from the army, he was called into plaintiff's office and there informed by plaintiff that plaintiff did not want a judgment in tort against defendant which would carry another jail sentence; and that if defendant would sign a note the tort action would be waived. Thus it appears that plaintiff's case did not rest solely upon the bare fact that it took defendant's note.

■■ Our study of the record discloses a sharp conflict in the evidence, making it difficult for a reviewing court which has not seen the witnesses to ascertain where the truth lies. From all the evidence submitted by the parties, the trial judge found as a fact that at the time of the execution and delivery of the note and in consideration thereof, plaintiff promised and agreed to waive the tort action. He concluded as a matter of law that the tort liability had been satisfied and discharged by the execution of the note and that the indebtedness upon the note, in turn, was barred by the discharge in bankruptcy. In the state of this record, it is clear that the question for decision was one of fact. Archibald v. Argall, 53 Ill. 307, 309; Rayfield v. Tincher, 180 Ill.App. 454. In such a situation, we are not permitted to weigh the testimony, but must give defendant the bene-

fit of all the facts that the evidence tends to prove and these facts must be taken as true unless clearly wrong. In re Country Club Building Corporation, 7 Cir., 91 F.2d 713; Howard v. Howe, 7 Cir., 61 F.2d 577.

In the light of these principles and the findings of the trial judge, it would seem that the note, based on an ample consideration, was a substitution of the original claim and that the antecedent tort action which plaintiff had against defendant prior to the execution of the note was extinguished by the acceptance of the note.

■■ We conclude that the questions of law were correctly decided, and since we cannot say that the findings of fact are clearly erroneous, the judgment of the District Court must be affirmed.

Affirmed.