**James H. GONDER and Mary D. Gonder, Appellants,**

v.

**Hoyt F. KELLEY, Appellee.**

**No. 20548.**

United States Court of Appeals Ninth Circuit.

Jan. 27, 1967.

John N. Norman, of Cottrell, Hofvendahl & Roessler, San Jose, Cal., for appellants.

Richard B. Sanguinetti, of Watson, Tedesco & Sanguinetti, San Jose, Cal., for appellee.

Before HAMLIN, KOELSCH and ELY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Northern District of California, Southern Division, determining the dischargeability of a debt owing from the bankrupt appellee to appellant.

The district court found for the appellee. The facts are fully set forth in the opinion of the district court entitled In the Matter of Kelley, Bankrupt, reported in 259 F.Supp. 297.

The judgment of the district court is affirmed for the reasons and upon the grounds set forth in the opinion of the district court.

**DISSENTING OPINION**

KOELSCH, Circuit Judge.

I dissent. The Supreme Court has only recently cautioned us against a routine application of harsh legal doctrine to matters of this kind. It declared that "[t]here is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." Bank of Marin v. England, 385 U.S. —— 87 S.Ct. 274, 17 L.Ed.2d 197 (November 21, 1966). Yet here we fail to heed that clear admonition.

The case is simply stated. An embezzler gives his victim a promissory note in settlement of the resulting claim. When he fails to pay, the victim reduces the note to judgment. The embezzler then invokes the aid of the bankruptcy law to defeat recovery. The referee rejects the attempt on the ground that the law in terms affords no protection against debts "such as * * * (2) are liabilities for * * * willful and malicious injuries to the * * * property of another, * * *" (Bankruptcy Act, § 17(a)2, 11 U.S.C. § 35(a)2). The district court then reviews the decision of the referee and, relying upon the authority of Maryland Casualty Co. v. Cushing, 171 F.2d

257 (7th Cir. 1948), concludes that this is not such a debt because, under the circumstances, acceptance of the note constituted a novation which of course, and as said in that case, "operates to discharge the original obligation and substitute a new one therefor." (p. 258 of 171 F.2d).

This conclusion can result only from a blind adherence to strict legal principles. Thus, while it is true that a "new" legal obligation has arisen, the fact is inescapable that its origin lay in the old one; and to ignore the obvious "instead of subserving the fundamental purposes of the statute * * * rather tend[s] to bring about unfortunate if not irrational results." McIntyre v. Kavanaugh, 242 U.S. 138, 141, 37 S.Ct. 38, 40, 61 L.Ed. 205 (1916).