**In re Robert W. RUSH, Debtor.**

**UNITED STATES FIDELITY & GUARANTY CO., Plaintiff,**

v.

**Robert W. RUSH, Defendant.**

**Adv. No. 283–0046.**

United States Bankruptcy Court, D. Maine.

Sept. 21, 1983.

Andrew J. Bernstein, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

Robert W. Rush, pro se, defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

United States Fidelity & Guaranty Company seeks a determination that a debt resulting from a judgment obtained after the debtor defaulted on a settlement agreement, which resolved a state court suit based on the debtor's alleged fraud, is nondischargeable in bankruptcy. The debtor contends that, because the debt arose out of the judgment on the settlement agreement and not directly out of the alleged fraud, the debt is dischargeable. The court concludes that a debt arising out of a settlement agreement is nondischargeable when the settlement agreement is based on a claim resulting from fraud.

The court did not hold a factual hearing in this proceeding, and no facts were stipulated. This opinion decides the purely legal issue discussed above. USF & G argues that the debt is nondischargeable under section 523(a)(2)(A) of the Code. 11 U.S.C.A. § 523(a)(2)(A) (1979). Section 523(a)(2)(A) provides:

.A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—false pretenses, a false representation, or actual fraud, other than a state-

ment respecting the debtor's or an insider's financial condition.

The debtor contends that section 523(a)(2)(A) is not applicable to USF & G's claim because a good faith settlement agreement extinguished the underlying fraud claim.

This same argument was rejected by the Eleventh Circuit in *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983) (summarily affirming district court opinion set out in full in appendix). In *Greenberg,* the debtor was the defendant in a state court civil action charging him with the commission of fraud in a fiduciary capacity. The parties entered into a settlement agreement and promissory note before trial. The debtor defaulted, and the plaintiff sued in a state court on the note. This action was ended by a stipulated settlement agreement. The debtor filed a bankruptcy petition, and the creditor filed a dischargeability complaint. The debtor argued that section 523(a) was not applicable because the debt arose out of the agreement and not the fraud.

After reviewing relevant case law, the *Greenberg* court concluded that the bankruptcy court should consider the facts leading up to the settlement agreement to determine whether the debt resulted from the debtor's fraud. If fraud were present, the debt would be nondischargeable despite the settlement agreement. The court pointed out that accepting the debtor's argument would allow debtors to obtain discharges of fraudulent debts contrary to Congress's obvious intent in enacting section 523(a)(2)(A) by entering into settlement agreements and then filing a bankruptcy petition. *Id.*

This court agrees with the *Greenberg* analysis. Although debtor's are entitled under the Code to an unencumbered fresh start, *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1933), Congress has unmistakeably mandated in section 523(a)(2)(A) that they may not get a fresh start at the expense of defrauded third parties. This policy should not be circumvented by allowing debtors to extinguish debts resulting from fraud by entering into settlement agreements and then seeking relief in the bankruptcy court.