**In the Matter of Pamela A. WEST, Debtor–Appellee.**

**Appeal of John R. OLTMAN.**

**No. 93–3248.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1994.

Decided May 3, 1994.

Howard C. Emmerman (argued), Jonathan D. Sherman and Dennis T. Trainor, Katz, Randall & Weinberg, Chicago, IL, for appellant.

Jeffrey Schulman and Harold Rosen (argued), Wolin & Rosen, Chicago, IL, for debtor-appellee.

Before CUMMINGS and MANION, Circuit Judges, and MILLER, District Judge.*

MILLER, District Judge.

In *Maryland Casualty Co. v. Cushing*, 171 F.2d 257, 258–259 (7th Cir.1948), this court

---

* The Honorable Robert L. Miller, Jr. of the United States District Court for the Northern District of Indiana is sitting by designation.

held that a promissory note generally does not discharge the debt for which it is given, but fully discharges the original debt if it is shown that the note was given and received as payment or waiver of the original debt and the parties agreed that the note was to substitute a new obligation for the old. Appellant John Oltman asks us to overrule *Maryland Casualty* in this bankruptcy case. We decline the invitation and affirm the district court.

## I.

After embezzling more than $100,000 while working as Mr. Oltman's bookkeeper, Pamela West executed a promissory note to Mr. Oltman for $75,000. In consideration for the note, Mr. Oltman executed a general release and covenant not to sue Ms. West for any obligations other than her obligation as maker of the note. Ten months later, Ms. West petitioned for relief under Chapter 7 of the Bankruptcy Code, listing the promissory note obligation as an unsecured debt. Mr. Oltman contended that the obligation was not dischargeable because it was based on Ms. West's fraud and embezzlement. 11 U.S.C. § 523(a)(4). Relying on *Maryland Casualty,* the bankruptcy court disagreed: the obligation was based on the note, rather than on the fraudulent conduct that gave rise to the note. The district court affirmed, 157 B.R. 626.

■ We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review findings of fact under a clearly erroneous standard, but review conclusions of law *de novo. Matter of Bonnett,* 895 F.2d 1155, 1157 (7th Cir.1989).

## II.

■ The bankruptcy court and the district court properly applied *Maryland Casualty Co. v. Cushing,* 171 F.2d 257 (7th Cir.1948). Even if the obligation arising from Ms. West's embezzlement would have been nondischargeable due to its fraudulent nature, no allegations of fraud surround the note, and the note substituted a contractual obligation for a tortious one. Mr. Oltman agreed not to sue Ms. West on any obligation other than the note. Thus, pursuant to *Maryland Ca-*

*sualty,* dischargeability turns on the note, rather than the superseded obligation.

■ Mr. Oltman maintains that the holdings of numerous other cases have undermined *Maryland Casualty.* We read those cases differently than does Mr. Oltman.

Mr. Oltman appears to place his principal reliance upon *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983), which held that a simple settlement of a nondischargeable debt does not render the debt dischargeable, but did not involve a release by the creditor of the underlying debt. Indeed, the bankruptcy court expressly found that there had been no novation of the original obligation. *In re Schools,* 14 B.R. 953, 955 (Bankr.S.D.Fla. 1981), *vacated on other grounds and remanded sub nom. Greenberg v. Schools,* 21 B.R. 1011 (D.C.Fla.1982), *aff'd,* 711 F.2d 152 (11th Cir.1983). The creditor in *Greenberg* simply dismissed pending litigation in exchange for the note; no release was granted. *Id.* at 954. The ultimate holding in *Greenberg* is wholly consistent with the holding of *Maryland Casualty:* a promissory note does not discharge the underlying obligation unless the parties expressly release the old and substitute the new. Mr. Oltman released the old and substituted the new; the creditor in *Greenberg* did not.

The same is true of most of the lower court decisions upon which Mr. Oltman relies: because there was no release, the original debt was not extinguished by settlement. *In re Bobofchak,* 101 B.R. 465 (Bankr.E.D.Va. 1989); *In re Pavelka,* 79 B.R. 228, 232 n. 15 (Bankr.E.D.Pa.1987); *In re Castonguay,* 77 B.R. 602, 606 (Bankr.E.D.Mich.1987); *In re Rush,* 33 B.R. 97 (Bankr.D.Me.1983); *In re Covino,* 12 B.R. 876 (Bankr.M.D.Fla.1981); *Hartford Accident & Indemnity Co. v. Flanagan,* 28 F.Supp. 415 (S.D.Ohio 1939); *see also In re Behr,* 42 B.R. 922, 926 (Bankr. E.D.Pa.1984) (release from criminal charges only). These cases, which held that settlements did not change the nature of the underlying obligation, are entirely consistent with *Maryland Casualty* because none involved a release.

Two other cases cited by Mr. Oltman are easily distinguishable on other grounds. The

court in *In re Peters,* 90 B.R. 588, 604–605 (Bankr.N.D.N.Y.1988), considered the matters of a subrogor's rights with respect to non-dischargeable debts, and not the continuing vitality of a creditor's release of a nondischargeable debt. The debtor in *In re Schmidt,* 70 B.R. 634 (Bankr.N.D.Ind.1986), allegedly engaged in fraud in obtaining the release itself, a consideration absent in *Maryland Casualty* and in this case. Thus, even if *Maryland Casualty* never had been decided, neither *Peters* nor *Schmidt* would provide any guidance for decision in this case.

Only one reported case supports Mr. Oltman's position. In *In re Spicer,* 155 B.R. 795 (Bankr.D.D.C.1993), the government released the defendant, in exchange for a promissory note, from a fraud claim that had produced a criminal conviction and a restitution order. The restitution order was vacated. The defendant eventually reached bankruptcy court, which considered the nature of the underlying obligation despite the superseding release and note. The court explained:

> At the outset, the court must reject the debtor's argument that its debt to the government is only a contract debt that can be discharged. Thus, the court rejects the holdings of *Maryland Casualty Co. v. Cushing,* 171 F.2d 257 (7th Cir.1948), and *Gonder v. Kelley,* 372 F.2d 94 (9th Cir. 1967) (affirming on the basis of the district court opinion), and their progeny in favor of the analysis set forth in *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983) (affirming on the basis of the district court opinion), for the reasons articulated by the dissent in *Gonder v. Kelley,* 372 F.2d at 94–95 (Koelsch, J., dissenting).

155 B.R. at 799. As explained above, we see no tension between *Maryland Casualty* and *Greenberg,* and accordingly cannot find the *Spicer* court's reasoning persuasive.

Mr. Oltman also contends that *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), indicates that *Maryland Casualty* should be revisited. Again, we disagree. The holding in *Brown* is immaterial to Mr. Oltman's case: *Brown* addressed the preclusive effect of a state court judgment, not a creditor's voluntary release of a debtor. *Brown* called for a study of the nature of the claim underlying a judgment to determine dischargeability, much like the study Mr. Oltman seeks in this case with respect to the claim that triggered Ms. West's note. A judgment, however, is far removed from a release voluntarily given by a creditor.

For these reasons, we do not read *Brown* or *Greenberg* as providing authority for Mr. Oltman's position that a creditor should have a unilateral right to rescind a release upon the debtor's filing in bankruptcy. Nor do we see any policy reason to adopt such a rule. The *Maryland Casualty* approach encourages and enforces settlements. A tort-feasor may well be inclined to pay an aggrieved party a larger sum in settlement if the settlement contains a release from future claims based on the same conduct. Enforcing the note rather than the tort under such circumstances does not produce an inequitable result in the bankruptcy context. The debtor does not, as Mr. Oltman argues, discharge the obligation by entering into the settlement; the creditor does. We see no reason to adopt a rule that would allow the creditor to undo the discharge for which he received a promissory note.

Accordingly, we reaffirm the two-fold holding of *Maryland Casualty:* first, a promissory note generally does not discharge the debt for which it is given; but second, if it is shown that the note was given and received as payment or waiver of the original debt and the parties agreed that the note was to substitute a new obligation for the old, the note fully discharges the original debt, and the nondischargeability of the original debt does not affect the dischargeability of the obligation under the note. The first point is consistent with all of the authorities cited by Mr. Oltman; the second is contradicted only by *In re Spicer,* 155 B.R. 795.

The bankruptcy court and the district court faithfully and properly applied the rules from *Maryland Casualty,* and we affirm the district court's judgment.

### III.

Appellant and appellee each seek sanctions against the other under Fed.R.App.P. 38 and

28 U.S.C. § 1927. We believe each side approached the brink of sanctionable argument in the briefs, but believe neither crossed that line.

 Mr. Oltman's brief leads the reader to conclude that many courts, including the Eleventh Circuit in *Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983), have considered both prongs of the *Maryland Casualty Co. v. Cushing*, 171 F.2d 257 (7th Cir.1948), rule and expressly rejected them, occasionally with direct criticism. As discussed in the previous section, we read the cases much differently. To argue for an extension of case law or for abandonment of certain common law principles is permissible advocacy; to tell a court that other courts have rejected (as distinct from undermined) a common rule is sanctionable if untrue. Nonetheless, Mr. Oltman argues no more than the holding of *In re Spicer*, 155 B.R. 795 (Bankr.D.D.C. 1993). While we are neither bound nor persuaded by the *Spicer* decision, we do not believe it is sanctionable to press one court to adopt another's holding.

 Ms. West's brief asserts not only that Mr. Oltman misstated the law, but also that he misstated the record. Allegations such as this are not to be made lightly; they challenge the integrity of a fellow officer of the court. This court's agreement with Ms. West's view of the law would not forgive a false assertion that opposing counsel lied to the court. Nonetheless, Ms. West's statement was challenged at oral argument, and her counsel was able to identify one aspect of Mr. Oltman's brief in which the record might be viewed as having been misstated. We need neither agree nor disagree with Ms. West's view to conclude that the assertion in her brief is not sanctionable.

### IV.

For the foregoing reasons, we deny both motions for sanctions and affirm the judgment of the district court.