## In re George BRENT and Debra Brent, Debtors.

## George BRENT and Debra Brent, Appellants,

v.

## UNITED STATES of America, Appellee.

Bankruptcy No. 95–80111.
Adversary No. 96–8085.
No. 97–1012.

United States District Court,
C.D. Illinois,
Peoria Division.

May 22, 1997.

Gregg N. Grimsley, Carter & Grimsley, Peoria, IL, for appellants.

Gerard A. Brost, U.S. Atty., Peoria, IL, Stacy Hallett, David Haimes, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellee.

## ORDER

MIHM, Chief Judge.

This matter is before the Court pursuant to George and Debra Brent's Appeal from the Bankruptcy Court for the Central District of Illinois' ("Bankruptcy Court") Opinion of December 17, 1996 in favor of the United States of America, Internal Revenue Service. For the reasons set forth below, the Appeal [# 3] is DENIED.

## BACKGROUND

The following facts are not in dispute. George and Debra Brent's federal income tax return for 1990 was due on April 15, 1991, but they received an extension until October 15, 1991. They filed on October 19, 1992. On September 20, 1994, they filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code. On November 23, 1994, their bankruptcy was dismissed, and on January 20, 1995, they filed a second Chapter 7 petition.

In the course of the second bankruptcy proceeding, the parties filed cross motions for summary judgment on the issue of whether the Brents' 1990 federal income tax liabilities were discharged. On December 17, 1996, the Bankruptcy Court granted the United States' Motion for Summary Judgment and denied the Brents' Motion for Summary Judgment. The Bankruptcy Court held that 11 U.S.C. § 507(a)(8)(A)(i) establishes a three-year priority period which is tolled, pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h)(2), while a bankruptcy is pending and for an additional six months. This tolling affects applicability of 11 U.S.C. § 523(a)(1), an exception to discharge. Accordingly, the Bankruptcy Court found the

Brents' 1990 federal tax liability, including interest, not dischargeable. This appeal ensued.

According to the Brents, the issue on appeal is "[w]hether the bankruptcy filed on January 20, 1995, discharges the 1990 tax liability for which the return was filed, late, on October 19, 1992." (Appellants at 2.) According to the United States, there are two issues on appeal:

[W]hether the Bankruptcy Court erred in ordering that the Debtors, George and Debra Brent's, 1990 federal income taxes plus interest are not dischargeable pursuant to the United States Bankruptcy Code, 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i). [W]hether the three year priority claim period contained in 11 U.S.C. § 507(a)(8)(A)(i) was suspended during the debtors' 1994 bankruptcy proceeding and for an additional six months, pursuant to 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h).

(Appellee at 1.)

## DISCUSSION

The standard of review for a district court to use in assessing an appeal from a decision of a bankruptcy court is clearly erroneous for findings of fact and *de novo* for conclusions of law. *In re West*, 22 F.3d 775, 777 (7th Cir.1994). In the present case, the parties concur that this appeal relates only to a legal issue. Accordingly, this Court's review of the Bankruptcy Court's decision is *de novo*.

The parties agree that, absent the 1994 bankruptcy filing, the Brents' 1990 federal income tax liability would not have been excepted from discharge. (Appellants at 2–3; Appellee at 3 n. 3.) This is because the October 15, 1991 due date and October 19, 1992 filing were sufficiently prior to the January 20, 1995 bankruptcy filing. *Id.* The remaining issue is the impact of the 1994 bankruptcy filing; in other words, was the three-year period tolled during the pendency of the 1994 bankruptcy, from September 20, 1994 until November 23, 1994, and for six months thereafter?

Title 11 U.S.C. § 523(a)(1)(A) states:

## § 523. Exceptions to discharge

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section ... 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed.

11 U.S.C. § 523(a)(1)(A). This rule explains that certain taxes are *not* discharged and refers to 11 U.S.C. § 507(a)(8) specifically.

Section 507(a) of the Bankruptcy Code lists items which are not discharged and explains the order of priority for the listed expenses and claims. 11 U.S.C. § 507(a). Subsection 8 explains:

(8) eighth, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

11 U.S.C. § 507(a)(8)(A)(i). This means that income taxes which became due within three years of the date of the bankruptcy filing are not dischargeable.

Two statutory sections are involved in the issue of whether the three-year period is tolled and when the Internal Revenue Service is able to collect taxes owed. The first is 11 U.S.C. § 108(c):

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law ... fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including the suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362,

922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c). The second is located within the Internal Revenue Code, at 26 U.S.C. § 6503(h):

(h) CASES UNDER TITLE 11 OF THE UNITED STATES CODE—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under title 11 of the United States Code, *be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and—*

(1) for assessment, 60 days thereafter, and

(2) *for collection, 6 months thereafter.*

26 U.S.C. § 6503(h) (emphasis added).

The Brents contend that *In re Gore,* 182 B.R. 293 (Bankr.N.D.Ala.1995), is directly on point. (Appellants at 3.) They concede that this position is contrary to the Seventh Circuit's holding in *In re Montoya,* 965 F.2d 554 (7th Cir.1992). *Id.* The Brents distinguish the facts of their situation from the *Montoya* case in that they were uninvolved in bankruptcy proceedings for more than three but less than three and one-half years, whereas the debtors in *In re Montoya* were uninvolved in bankruptcy proceedings for just over one and one-half years. *Id.* They criticize *In re Montoya* for being a short opinion and for not addressing " 'statutory relatedness' " issues. *Id.* at 4. The Brents contend that *In re Montoya* should be reversed and state their good faith attempt to change to law in the Seventh Circuit. *Id.* at 2.

The United States counters that the majority of courts to address this issue have ruled as the Seventh Circuit did in *In re Montoya* and that *In re Gore* was wrongly decided because it interpreted 11 U.S.C. § 108(c) as applicable only to nonbankruptcy law. (Appellee at 3, 8.) Further, the United States contends that the length of time the Brents were outside bankruptcy protection is inconsequential because it was less than three and one-half years, that *In re Montoya* is controlling authority for this Court regardless of the length of the opinion, and that it does address " 'statutory relatedness.' " *Id.* at 4–8.

The *In re Montoya* decision specifies that 26 U.S.C. § 6503 is given effect by 11 U.S.C. § 108(c) which "implicitly incorporates the limitations period of § 6503 by preserving nonbankruptcy statutes of limitations which have not yet expired." *In re Montoya,* 965 F.2d at 557. This means that the Seventh Circuit held that 11 U.S.C. § 108(c) of the Bankruptcy Code and 26 U.S.C. § 6503(b) of the Internal Revenue Code toll limitations periods "when the taxpayer's assets are tied up in a court proceeding" for three years plus an additional six months. *Id.* at 556. The court quoted the legislative history of 11 U.S.C. § 108(c), which specifies the need to provide the Internal Revenue Service with sufficient time to collect nondischargeable taxes. *Id.* at 557–58.

The premise behind the result in *In re Gore* is that 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h) only apply to nonbankruptcy law. *In re Gore,* 182 B.R. at 298. This Court declines to adopt this premise, adhering instead to the Seventh Circuit's controlling holding in *In re Montoya.* In addition, allowing application of 11 U.S.C. § 108(c) and 26 U.S.C. § 6503 to the discharge provisions of the Bankruptcy Code appears to be the majority position in that even the court in *In re Gore* cites 23 cases in which courts have applied 11 U.S.C. § 108(c) and 26 U.S.C. § 6503(h). *In re Gore,* 182 B.R. at 300 n. 5.

In addition, the Brents' criticisms of *In re Montoya* are unpersuasive. The length of time the Brents were uninvolved in a bankruptcy proceeding—in other words, the extent to which they miss out on having their 1990 tax liability discharged—is not important. What matters is that they missed the deadline. In addition, the length of the opinion in *In re Montoya* is insignificant to this Court compared to its precedential value within our hierarchical court structure. Moreover, the Seventh Circuit did not fail to address how the various statutes interrelate in *In re Montoya* ; instead, the court opined that 26 U.S.C. § 6503 is given effect by 11 U.S.C. § 108(c)'s implicit incorporation of it, preserving unexpired nonbankruptcy statutes of limitations. *In re Montoya,* 965 F.2d at 557.

Accordingly, while acknowledging recent cases such as *In re Pastula,* 203 B.R. 941 (Bankr.E.D.Mich.1997), and *In re Nolan,* 205 B.R. 885 (Bankr.M.D.Tenn.1997), the Court declines the Brents' invitation to reverse the decision of the Bankruptcy Court and issue a decision which contradicts the Seventh Circuit's opinion in *In re Montoya.*

## CONCLUSION

For the reasons set forth above, George and Debra Brent's Appeal [# 3] from the Bankruptcy Court for the Central District of Illinois' Opinion of December 17, 1996 in favor of the United States of America, Internal Revenue Service is DENIED. This case is terminated.