**In Re: Leo R. CANTRILL, Jr. and Helen M. Cantrill, Debtors.**

**Tom Houston, Plaintiff,**

v.

**Leo R. Cantrill, Jr. et al., Defendants.**

**No. 99–3120.**

United States Bankruptcy Court,
N.D. Ohio.

Feb. 24, 2000.

Dennis P. Faller, Wapakoneta, OH, for Plaintiff.

Roger E. Luring, Troy, OH, for Defendant Helen Cantrill.

### *DECISION AND ORDER*

RICHARD L. SPEER, Chief Judge.

In the instant adversary proceeding, the Plaintiff seeks a determination that a certain debt owed to him by the Debtor/Defendant, Helen M. Cantrill[1] (hereinafter referred to as the Debtor), and now memorialized in a promissory note, constitutes a debt arising from an act of embezzlement, and thus is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).[2] The promissory note to which the Plaintiff refers to states, in relevant part, as follows:

I, Helen Jorgensen [a.k.a. Helen Cantrill] and Thomas Houston do form this agreement that Helen Jorgensen owes Thomas Houston the sum of $13,336.53 as of March 17, 1999 which will be paid [sic] monthly installments until the debt is paid. Monthly payments commencing with the March 17, 1991 payment will be $200.00 per month. Interest will accrue on the unpaid balance at 12% annually until the debt is paid.

/s/ Helen Jorgensen

/s/ Thomas Houston

In response to the Plaintiff's Complaint to hold this debt nondischargeable, the Debtor, by stipulation, does not contest either the validity of the debt, or the fact that the debt arose from an act of embezzlement. Instead, the Debtor asserts

---

1. The Plaintiff, in response to an Order issued by this Court, stated that he did not wish to prosecute his cause of action against the Defendant, Leo R. Cantrill.

2. Section 523(a)(4) provides that, "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

that because the above-listed promissory note was executed subsequent to the Debtor's wrongful act, the note operated to extinguish the Plaintiff's claim of embezzlement, and thus by imputation also extinguished the Plaintiff's claim of nondischargeability under § 523(a)(4). Stated in another way, the question of law the Debtor proffers to the Court can be framed as this: Does the execution of a subsequent promissory note on a debt for a wrongful act (i.e., embezzlement) operate as a novation,[3] and thereby substitute an otherwise nondischargeable debt for a dischargeable debt? As this issue is brought before the Court by way of the Parties' cross motions for summary judgment, the Court, in accordance with Bankruptcy Rule 7056, will not grant either Parties' Motion unless it finds "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In the context of a nondischargeability proceeding brought pursuant to § 523(a), there presently exists a split of authority as to whether a subsequent promissory note can release a debtor's liability for a wrongful act. The minority view, lead by the case of *Matter of West,* 22 F.3d 775 (7th Cir.1994), holds that an otherwise nondischargeable debt arising from a tortious act (i.e., fraud or embezzlement) becomes fully dischargeable when an instrument, such as a note or waiver, substitutes a new contractual obligation for the original obligation arising from the tortious act. *Id.* at 777. On the other hand, the majority view, lead by the case of *United States v. Spicer,* 57 F.3d 1152 (D.C.Cir.1995), rejects this reasoning as elevating form over substance, and, in citing to the Congressional policy that only honest debtors are entitled to a bankruptcy discharge, holds that the underlying grounds for the debt controls any issues of dischargeability un-

der § 523(a). For example, in *Spicer* the Court stated that:

> a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement. Rather than looking to the current legal form of the debt, the court should inquire into the factual circumstances behind the settlement agreement to ascertain whether the debt was derived from the alleged fraudulent conduct.

*Id.* at 1155 (internal quotations and citations omitted). The Debtor, of course, requests that this Court adopt the minority view of reasoning. This Court must, however, decline the Debtor's invitation for two reasons.

■ First, and most important, the minority view, as exemplified by the *Matter of West* decision, does not state the applicable law in this Court. Instead, in *Ed Schory & Sons, Inc. v. Francis (In re Francis),* the Bankruptcy Appellate Panel for the Sixth Circuit held that when addressing issues concerning the novation of a debt stemming from a wrongful act, this Court is to follow the reasoning contained in the *Spicer* decision. 226 B.R. 385, 389–391 (6th Cir. BAP 1998). In fact, the Court in *In re Francis* specifically stated that for several reasons it "agrees with *Spicer* and rejects *West." Id.* at 390. In the present case, of course, applying the holding of the *Spicer* decision means that the debt at issue is nondischargeable under 11 U.S.C. § 523(a)(4) as the Debtor, Helen Cantrill, does not deny that the debt arose from her act of embezzlement against the Plaintiff.

In addition, even if this Court were so inclined to adopt the holding contained in *Matter of West,* the Court finds that the Debtor's reliance upon that decision is misplaced as a close examination of the decision reveals that it only applies when the

---

**3.** A Novation can be said to occur when "the parties' original rights and obligations cease[ ] to exist and [are] replaced by new contractual

obligations." *United States v. Spicer,* 57 F.3d 1152, 1155 (D.C.Cir.1995).

creditor actually executes a release for the debtor's wrongful act in the subsequent agreement. Specifically, the Court in *Matter of West* stated that:

> a promissory note generally does not discharge the debt for which it is given... [unless] it is shown that the note was given and received as payment or waiver of the original debt and the parties agreed that the note was to substitute a new obligation for the old[.]

*Matter of West*, 22 F.3d at 778. In the present case, however, an examination of the Parties' promissory note does not reveal, in any way, that the Plaintiff meant to effectuate a release of the Debtor's earlier obligation for embezzlement. Rather, an examination of the Parties' promissory note simply shows that it memorializes the original debt arising from the Debtor's wrongful conduct.

Consequently, based upon the foregoing considerations, this Court finds that the Plaintiff, as a matter of law, is entitled to a judgment in his favor. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff, Tom Houston, be, and is hereby, GRANTED; and that the Motion for Summary Judgment submitted by the Defendant, Helen M. Cantrill, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that the debt owed by the Defendant, Helen M. Cantrill, to the Plaintiff, Tom Houston, be, and is hereby, determined to be NONDISCHARGEABLE.

It is **FURTHER ORDERED** that the Plaintiff's Complaint against the Defendant, Leo R. Cantrill, be, and is hereby, DISMISSED.