**In re Joseph D. SAVINI and Linda A. Savini, Debtors.**

**Joseph D. Savini and Linda A. Savini, Appellants,**

**v.**

**United States of America, Appellee.**

**Bankruptcy No. 97–28922–RG.**

**Civ. No. 00–5297.**

United States District Court,
D. New Jersey.

April 6, 2001.

690

Paul J. Maselli, Maselli Warren, P.C., Princeton, NJ, for Appellants.

Mark L. Josephson, U.S. Department of Justice, Washington, DC, Robert J. Cleary, U.S. Attorney, Susan C. Cassell, Assistant U.S. Attorney, Newark, NJ, for Appellee.

## OPINION

WOLIN, District Judge.

This matter is opened before the Court upon the appeal of debtors Joseph and Linda Savini from the Opinion and Order of the United States Bankruptcy Court for the District of New Jersey denying their motion for a declaration that certain tax obligations were not discharged in their bankruptcy proceeding closed January 5, 1998. The appeal has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the appeal will be denied and the Opinion of the Bankruptcy Court will be affirmed.

■■■ Only the ultimate legal issue dispositive of this appeal is in dispute. The parties are in agreement regarding the facts and threshold issues of law. "In an appeal from an order of a bankruptcy judge, a district court applies the clearly erroneous test to factual findings and plenary review to questions of law. Mixed questions of law and fact must be divided into their respective components and the appropriate test applied." *In re Brown,* 951 F.2d 564, 567 (3d Cir.1991). Here it appears that the contested issue is purely one of law, and this Court will review the decision of the bankruptcy court *de novo.*

This matter concerns the Savinis' income taxes which became due on April 15, 1994. On January 30, 1997, the Savinis

filed a Chapter 13 bankruptcy petition. This proceeding lasted for 80 days until it was dismissed on April 19, 1997. On August 1, 1997, the Savinis filed a second bankruptcy petition, under Chapter 7. The Chapter 7 petition was filed 104 days after the Chapter 13 petition was dismissed, three years and 108 days from the date the debtors' 1993 income taxes became due.

Following the discharge of the debtors in the Chapter 7 proceedings, the Internal Revenue Service attempted to collect the 1993 taxes. The Savinis filed a motion to reopen their Chapter 7 proceeding on May 16, 2000, hoping to win a ruling that their tax obligation had been discharged with their other debts. For reasons to be discussed *infra*, this hope was disappointed, leading to this appeal.

The relevant statutory framework governing this appeal is as follows. Section 523 of Title 11 lists the exceptions to those debts that are dischargeable in a bankruptcy proceeding. Among them, at subsection 523(a)(1)(A), the statute excepts from discharge "taxes ... of the kind and for the period specified in section 507(a)(2) or 507(a)(8) of this title ...." Section 507's principal purpose is to rank the priority of debts of a bankrupt's estate. Subsection 507(a)(8)(A) creates a priority for a debt to the government arising from "a tax on or measured by income or gross receipts" for which a return was due within the three years preceding the filing of the bankruptcy petition.

To restate the basic proposition: income taxes are non-dischargeable for three years, which is the same period for which such taxes are considered priority claims against the bankrupt estate. This is known as the three year "look-back" for priority and dischargeability of tax claims.

The legislative history gives the rationale for parallel look-back periods. Obviously, a priority claim is more likely to be paid in full in the bankruptcy proceeding; indeed, it must be if a Chapter 13 plan is to be confirmed. 11 U.S.C. § 1322(a)(2). If taxes were non-dischargeable but had no priority, other debts would be paid ahead of those taxes, leaving the debtor with an undischarged obligation following the end of the bankruptcy proceeding. Thus, if the priority period were not tied to the non-dischargeability period, it would interfere with the debtor's ability to get a fresh start. H. Rep. No. 595, 95th Cong., 1st Sess. 190 (1977), 1978 U.S.C.C.A.N. 5963, 6150, *quoted in In re Taylor*, 81 F.3d 20, 24 n. 10 (3d Cir.1996).

The question of tolling is introduced by section 6503 of the Internal Revenue Code, via section 108 of Title 11. Section 6503(h) states:

> The running of the period of limitations providing in section 6501 or 6502 on the making of assessments [three years] or collection [ten years] shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and
>
> ...
>
> (2) for collection, 6 months thereafter.

26 U.S.C. § 6503(h). Section 108 of the Bankruptcy Code, somewhat redundantly in this case, states that statutes of limitation created by "applicable nonbankruptcy law" shall not expire before the later of thirty days after the lifting of the stay or the expiration of the period "including any suspension of the period occurring on or after the commencement of the [bankruptcy] case." 11 U.S.C. § 108(c)(1). At least for the purposes of income taxes, section 108 appears to add no time to the tolling provided in 26 U.S.C. § 6503(h).

Three different types of time periods have been mentioned so far. First, there

is the period governing non-dischargeability. Second, there is the time period within which a priority will exist. Last, there is the statute of limitations, which governs the period for commencing an action. The three underlying issues, non-dischargeability, priority, and limitations, are distinct. It is the inter-relation of the governing periods that shapes this appeal.

The policy reasoning behind making the priority period the same as the dischargeability period has already been discussed. The Third Circuit in *In re Taylor*, 81 F.3d 20 (3d Cir.1996), linked the tolling provision of the Internal Revenue Code to the priority provision of the Bankruptcy Code. This holding was not based upon the literal terms of either statute. Neither 26 U.S.C. § 6503 nor 11 U.S.C. § 108 provides that the tolling provision of the ten-year statute of limitation has anything to do with the three-year look-back concerning priority or discharge of obligations in bankruptcy. Instead, reading together the various statutes and based upon their patently obvious purpose, the Court of Appeals held that an intervening bankruptcy filing would toll the three-year period within which tax obligations have priority status. 81 F.3d at 24. A dominant theme of the opinion is the need to prevent tax avoidance through multiple bankruptcy filings.

The Court of Appeals did not, however, directly address whether the non-dischargeability period was tolled by an intervening bankruptcy petition. Moreover, the policy reasons undergirding coordination of the priority look-back period with the dischargeability period do not work in reverse. The priority period must be at least as long as the non-dischargeability period to preserve the debtor's fresh start; there is no reason why the non-dischargeability period may not be shorter than the priority period.

Appellants, however, conceded that the look-back period for non-dischargeability was tolled during their 80–day Chapter 13 proceeding, and the Bankruptcy Court relied upon this concession in its ruling. Trans. at 6; Desig. of Items on Appeal Exh. C (debtors' letter brief at 1–2). Moreover, the *Taylor* panel wrote that the tolling provisions of 11 U.S.C. § 108 and 21 U.S.C. § 6503 "would be meaningless if debtors could discharge their tax liability by filing successive bankruptcies." 81 F.3d at 24. Thus, although the non-dischargeability tolling question was not really presented to the Third Circuit, the quoted language and other language from *Taylor* indicate strongly that the Court of Appeals would have found the non-dischargeability period to be tolled also.

The Third Circuit's *Taylor* decision has been criticized for departing from the plain-language reading of the statute. *See In re Palmer*, 219 F.3d 580, 585 (6th Cir. 2000). Indeed, assuming that a contrary result would encourage tax avoidance simply begs the question, because the Congressional balance between debtors and the taxing authorities is the issue to be decided. The danger of fraudulent petitions filed solely to cause the look-back period to run could be met with a more case-specific response than simply tolling the period in all cases.

*Taylor* and cases from other circuits have rejected these counter-considerations in favor of the persuasive, policy-based reasons cited above. In any event, *Taylor* obviously states the law of this Circuit. In fact, applying section 6503(h)'s tolling provisions to the priority and non-dischargeability look-back periods has been characterized as the majority view. *In re Young*, 233 F.3d 56, 59–60 (1st Cir.2000) ("Virtually all of the circuit cases dealing with successive bankruptcy petitions and the three-year look-back provision have chosen

to supplement the statute; the only difference between the judges is how to do it.") (collecting cases); *In re Shedd,* 190 B.R. 692, 693 (Bankr.M.D.Fla.1996).

■ Lastly, given the holding in *Taylor,* the Court believes that tolling of the non-dischargeability period is the correct result. As discussed, section 523 does not state its own look-back period for non-dischargeability. Instead it adopts "the periods specified in section 507(a)(2) and 507(a)(8)" (the priority look-back period). Whatever the merits of that decision, *Taylor* clearly holds that the 507(a)(8) period is tolled by an intervening bankruptcy. Therefore, following the logic of the statute, the non-dischargeability look-back period should be tolled as well.

The issue over which the parties contend, however, is not whether the tolling provisions of sections 108 and 6503 apply to the non-dischargeability period, but whether 26 U.S.C. § 6503(h)(2)'s six-month extension applies in addition to tolling during the pendency of a bankruptcy petition. As quoted above, section 6503(h)(2) provides that the time for assessment or collection of taxes is tolled during a bankruptcy petition and, "for collection, 6 months thereafter." In this case, the government cannot prevail without the additional 180 days, because an extension of time for only the 80 days of the Savinis' Chapter 13 case would be insufficient to preserve its claim from discharge in the subsequent Chapter 7 case.

Elsewhere, courts have held that the six months are included when borrowing from section 6503(h) to toll the non-dischargeability period, *In re Montoya,* 965 F.2d 554, 557–58 (7th Cir.1992); *In re Daniel,* 227 B.R. 675, 692 (Bankr.N.D.Ind.1998); *In re DiCamillo,* 186 B.R. 59 (Bankr. E.D.Pa.1995), although it is not always apparent whether the additional six months was directly contested. *See, e.g., In re*

*Brent,* 212 B.R. 311 (C.D.Ill.1997). If, as the cases reason, the tolling periods of section 6503(h) are simply borrowed for application to the priority and non-dischargeability provisions of Title 11, *see DiCamillo,* 186 B.R. at 61, then there is no reason to distinguish the additional six months from the tolling that occurs simply by virtue of the intervening bankruptcy petition.

Nor is there any feature of the reasoning in *Taylor* that would militate against including the six-month extension along with the basic tolling for previous bankruptcies. The thrust of *Taylor* is that the priority look-back period of 507(a)(8) and the limitations period of 6503 are to receive equal treatment for tolling purposes. Appellants conceded the applicability of *Taylor* to this case when they conceded that non-dischargeability is tolled for at least the period their prior petition was pending. But if the limitations period is tolled for the additional six months, then, following *Taylor's* "equal treatment" approach, the priority look-back must also receive the six-month extension. Having conceded the extension of *Taylor* to non-dischargeability for purposes of tolling during the pendency of their prior petition, appellants cannot limit that concession to avoid the six-month extension.

■ The same result is compelled by the language of Title 11 as well. Section 523(a)(1)(A) provides that the non-dischargeability look-back is "for the periods specified" in 507(a)(8). *Taylor* held the periods of 507(a)(8) are subject to the tolling provisions of section 6503(h). By extension, therefore, "the periods specified" in 507(a)(8) incorporate the tolling periods of section 6503(h), including the six-month extension.

For the foregoing reasons, the Court will affirm the decision of the Bankruptcy

Court and dismiss the appeal. An appropriate Order is attached.

### ORDER

In accordance with the Court's Opinion filed herewith,

It is on this 6th day of April, 2001

ORDERED that the decision of the Bankruptcy Court is affirmed and this appeal is dismissed.