In re John VALENCIA, a/k/a John David Valencia, Jacquelyn Valencia, a/k/a Jacquelyn Marie Smith, Debtors.

**Paula Rodriguez, Plaintiff,**

v.

**John Valencia, Defendant.**

Bankruptcy No. 01–21490 EEB.
Adversary No. 01–1548 ABC.

United States Bankruptcy Court, D. Colorado.

May 8, 2002.

Keith E. Abbott, Greeley, CO, for debtors.

Brian T. Moore, Denver, CO, for plaintiff.

## ORDER ON CROSS MOTIONS

A. BRUCE CAMPBELL, Bankruptcy Judge.

Plaintiff has brought a complaint pursuant to 11 U.S.C. § 523(a)(6) alleging sexual harassment on the part of Defendant/Debtor ("Debtor") and that such conduct was wilful and malicious, resulting in injury to Plaintiff. Following the Rule 16 conference in this case, the parties filed cross dispositive motions.

Debtor filed what is captioned as a Motion to Dismiss Plaintiff's Complaint ("Debtor's Motion to Dismiss"), and Plaintiff filed as part of her response a Cross Motion For Judgment on the Pleadings Regarding the Amount of the Indebtedness ("Plaintiff's Cross Motion"). Debtor and Plaintiff have each filed their respective replies.

Debtor's Motion to Dismiss seeks to establish that because the parties entered into a settlement agreement pre-petition, liquidating Debtor's liability to Plaintiff and agreeing to entry of judgment thereon in state court, the debt is now simply an unsecured, dischargeable claim. Debtor argues, alternatively, that the state court stipulated judgment does not impair his right to a trial on the factual allegations which supported Plaintiff's initial state court cause of action to determine the issue of nondischargeability. Plaintiff, in opposition to Debtor's Motion to Dismiss, concurs that Debtor is entitled to a trial on the facts which form the basis for Plaintiff's complaint and cross moves for "judgment on the pleadings" as to the amount of the debt.

The court has considered the papers filed by both Plaintiff and Defendant, the underlying stipulation which was filed in state court, the state court's order for entry of judgment thereon, the legal authorities cited, and other applicable case law and makes the following findings and conclusions. There is no genuine dispute as to the facts which are dispositive of the two motions before the court.

### A. *Debtor's Motion to Dismiss.*

■ Debtor's Motion to Dismiss, while not well articulated and unsupported by any cited legal authority, can best be characterized as arguing a novation theory. Particularly, what Debtor seems to argue is that because Debtor and Plaintiff entered into a stipulation to resolve the underlying state court action in which Plaintiff alleged that Defendant had sexually harassed her, and that Debtor did not admit liability, the debt was converted as a matter of law to a liquidated dischargeable claim, whether or not it would have been nondischargeable prior to the stipulation.

There is a split of authority on the question of whether a settlement, which resolves a state court action which alleged facts which would give rise to a complaint to except a debt from discharge under section 523(a) of the Code, can be given effect as a novation so as to substitute a contract claim for the underlying facts which may give rise to a nondischargeable claim. *Archer v. Warner (In re Warner)*, 283 F.3d 230, 236 (4th Cir.2002). One line of authority decides as a matter of policy that such settlements cannot be given effect so as to extinguish the alleged offensive underlying facts. *Id.* citing *United States v. Spicer*, 57 F.3d 1152 (D.C.Cir. 1995); and *Greenberg v. Schools*, 711 F.2d 152 (11th Cir.1983). The reasoning of those courts may be best seen in the following:

> We decline to follow (the novation) approach, however, because in our view it improperly elevates legal form over sub-

stance. We cannot agree with a rule under which, through the alchemy of a settlement agreement, a fraudulent debtor may transform himself into a nonfraudulent one, and thereby immunize himself from the strictures of § 523(a)(2)(A). The weight of recent authority rejects (the novation) approach because it is contrary to the public policy embodied in § 523(a)(2)(A) of preventing fraudulent debtors from escaping their obligations at the expense of innocent defrauded creditors.

*United States v. Spicer*, 57 F.3d 1152, 1155 (D.C.Cir.1995).

The opposing authorities recognize the novation theory and "favor the basic principle of encouraging settlements by way of freedom to enter into settlement agreements, regardless of the nature of the claim subject to the settlement agreement." *Archer v. Warner (In re Warner)*, 283 F.3d at 236 citing *In re Fischer*, 116 F.3d 388 (9th Cir.1997); *In re West*, 22 F.3d 775 (7th cir.1994); *Maryland Casualty Co. v. Cushing*, 171 F.2d 257 (7th Cir. 1948). The Fourth Circuit has most recently joined those circuits favoring settlement and recognizing a novation theory. *Archer v. Warner (In re Warner)*, 283 F.3d at 236. The only issue for those courts then is to "address the validity and completeness of the bargained for agreement and release." *Id.* In other words, if the parties' settlement agreement reflects the intent to supersede an initial claim with a new obligation, the settlement should be honored and consideration of nondischargeability of the initial claim precluded.

The Tenth Circuit has not spoken on this issue, and this court need not address the split of authority. Under either theory, Debtor's Motion to Dismiss must be denied. Under the *Spicer* line of cases, public policy would preclude so enforcing these parties' settlement agreement as to allow Debtor to escape scrutiny of his alleged misconduct. Plaintiff would be entitled to trial on the underlying allegations of her initial claim, whatever the intent of the settlement agreement. Under the *Archer v. Warner* line of cases, this court must look to the intent expressed in the settlement between the parties. Here, as Debtor notes in his Motion to Dismiss, the Stipulation, a copy of which is attached to Debtor's Motion to Dismiss, is clear as to the parties' intent. The Stipulation provides as follows:

> In the event Defendants seek protection under the U.S. Bankruptcy Code, Defendants acknowledge that Plaintiff will be entitled to prove the nondischargeability on the obligations created by this Stipulation.

Thus, by the terms of the stipulation between the parties, Plaintiff expressly reserved the right to litigate the nondischargeability of the underlying obligations.

### B. *Plaintiff's Cross Motion for Judgment on the Pleadings.*

Plaintiff seeks a determination that the amount of the judgment which was entered in state court on July 12, 2001, on its stipulation with Debtor, fixes the amount of the debt owed to Plaintiff. While that is certainly true, that does not answer the question of how much, if any, of that amount is excepted from the discharge in Debtor's case. The main thrust of Plaintiff's argument is that she need not prove the amount of her claim excepted from discharge, but only that Debtor's conduct is the basis for excepting her claim *in its entirety* from the effect of Debtor's discharge. Plaintiff cites Tenth Circuit au-

thority for her contention that "dischargeability is an all or nothing proposition." Plaintiff's Response at pg. 7 citing *In re Tsamasfyros*, 940 F.2d 605, 608 n. 4 (10th Cir.1991). The Plaintiff has taken the quote out of context and it does not apply here.[1]

In this case, the parties' stipulation clearly contemplated litigation of the question of *the extent* to which the debt which has been liquidated by the state court judgment is nondischargeable. Thus, the amount of the judgment serves as a cap on the amount of the claim which may be excepted from discharge; it may or may not be the floor, depending on the evidence presented in the trial of this matter. Accordingly, it is

ORDERED that Debtor's Motion to Dismiss is DENIED; and it is

FURTHER ORDERED that Plaintiff's Cross Motion is GRANTED only insofar as the state court judgment is determinative of the amount of the debt owed by Debtor to Plaintiff. This court reserves for trial the question of the amount, if any, of that judgment which is excepted from discharge.

1. There, in ruling that collateral estoppel precluded the relitigation in bankruptcy court of a fully litigated state court fraud judgment, the Tenth Circuit also held that collateral estoppel precluded relitigating in the bankruptcy court the state court's calculation of fraud damages.